MILES ex parte

Ohio Appeals, 1st Dist, Hamilton Co
No 3639. Decided Jan 13, 1930

Robert Fosdick, Cincinnati, for Miles.

Nelson Schwab, Prosecuting Attorney and H. L. Britton, Assistant Prosecuting Attorney, Cincinnati, for State.

CUSHING, PJ.

The sections of the general code involved are **13,710** and **13,711.**

Thus it will be seen that the law gives the court the right to fix the time of probation. That was done in this case by the court fixing the time of one year. It further provides that during the probationary period, he may be brought before the court. That was not done in this case. The record discloses that five days after the termination of the probationary period, as fixed by the court, the court did make a second order of probation of one year.

The law as heretofore quoted provides at the end or termination of the period of probation, the jurisdiction of the court or magistrate to impose sentence shall cease, and the defendant shall thereupon be discharged.

Clearly under the facts here, the jurisdiction of the court to impose sentence ceased at the expiration of the first year's probation, and the defendant not being brought in during the period of probation, the court lost jurisdiction to impose sentence under the statute.

If anything is claimed for the second probationary period, the situation would be the same, since he was not brought in during the second probationary period, but ten months thereafter.

In the case of **In Re Application of Nunley, 102 Ohio St., 332,** these sections of the statute were considered by the Supreme Court of Ohio. In the course of the memorandum opinion the court said:
"the jurisdiction of the court, upon suspending the sentence, **is continuing during the time limit of the suspension,** and not exceeding two years; x x x x and that if he violates his parole, **while under suspension,** the court, by the provisions of this enactment, has ample power to terminate the suspension and impose sentence x x x "

Quoting further from the opinion

"A court may pronounce sentence, when? At any time during the period of suspension as previously fixed by the court; but in no case, of course, exceeding two years."

Applying the facts of the case under consideration to the code sections referred to, together with the construction of the Supreme Court of Ohio, the petitioner is clearly entitled to his discharge, as the court was without jurisdiction to impose the sentence that it did.

An entry may be presented discharging the petitioner from custody.

Hamilton, J, and Ross, J, concur.