THE STATE OF OHIO [CITY OF MASSILLON], APPELLEE, *v.* JACKSON, APPELLANT.

(No. CA-7567—Decided December 27, 1988.)

*Scott W. Snyder,* assistant city prosecutor, for appellee.

*Stark County Public Defender* and *Pamela A. Conger,* for appellant.

MILLIGAN, P.J. On December 15, 1986, the defendant, Josette Jackson, pled no contest and was found guilty of petty theft by the Massillon Municipal Court. She was sentenced to thirty days in the Stark County Jail and fined $100; twenty-seven days of the sentence were suspended on conditions, including the condition that she not be convicted of any additional theft offenses for one year.

Eighteen months later, June 15, 1988, defendant appeared in the Massillon Municipal Court on an unrelated case. At the conclusion of those proceedings, the court held a "revocation/contempt" hearing. Thereupon, the court re-imposed the twenty-seven day balance of the original theft offense, finding that the defendant had been convicted of two theft offenses on October 6, 1987 and September 4, 1987, in the Akron Municipal Court.

The defendant appeals, assigning two errors:

"I. The trial court was without jurisdiction to revoke probation, re-impose the suspended jail sentence, and commit the defendant to the Stark County Jail in case 88-CRB-2325.

"II. The trial court erred in committing the defendant to the Stark County Jail without a proper commitment order."

I

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of

the defendant, and may terminate the probation and impose any sentence which might originally have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. When the ends of justice will be served and the good conduct of the person so held warrants it, the judge or magistrate may terminate the period of probation. At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases, and the defendant shall thereupon be discharged. * * *'' R.C. 2951.09.

By the plain language of R.C. 2951.09, the *subject matter jurisdiction* of a court terminates at the end of the period of probation. At that point, the trial court loses its legal power to act.

The government cites, and we find, no case authority that would extend the subject matter jurisdiction of the trial court beyond the period of probation. It matters not that the alleged violation of probation occurred during the period of probation and could have resulted, if timely prosecuted, in a revocation and imposition of sentence.

Thus, even where a probationer absconds during the period of probation, the court is deprived of jurisdiction to act after the original probation period, having failed to extend the period of probation prior to its expiration because of the disappearance of the defendant. *State* v. *Simpson* (1981), 2 Ohio App. 3d 40, 2 OBR 44, 440 N.E. 2d 617. This proposition is of ancient origin. *Ex parte Miles* (1930), 35 Ohio App. 553, 172 N.E. 703, similarly interpreted General Code 13710 and 13711.

The first assignment of error is sustained.

## II

We find the judgment of commitment to the Stark County Jail, albeit convoluted, complies with the requirements of R.C. 2947.21 and Crim. R. 55.

The second assignment of error is overruled.

The judgment of the Massillon Municipal Court is reversed and vacated, and the proceedings alleging violation of terms of the suspended sentence are dismissed. Bond discharged.

*Judgment accordingly.*

WISE and TURPIN, JJ., concur.