The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

[Cite as *State v. Jackson* (1995), 106 Ohio App.3d 345.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67770.

Decided Sept. 11, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Brian R. McGraw,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Jean M. Gallagher,* Assistant Public Defender, for appellant.

O'DONNELL, Judge.

Appellant Donald Jackson appeals from the August 19, 1994 journal entry of the trial court finding him to be a probation violator and imposing sentence. For the following reasons, we reverse.

On August 23, 1990, appellant pleaded guilty to possession of cocaine in violation of R.C. 2925.11, and thereafter the trial judge placed him on probation in case No. CR–253950. Appellant, however, failed to report to his probation officer, and the court issued a capias for his arrest on August 30, 1993, upon request of the probation department.

Almost four years later, on March 2, 1994, appellant became involved in a car accident in the city of East Cleveland and police arrested him on the outstanding capias and remanded him to county jail on the probation capias. A subsequent search of the vehicle resulted in charges of carrying a concealed .45 caliber automatic weapon and having a weapon under disability.

Two days later, on March 4, 1994, the trial judge conducted a probation violation hearing, during which defense counsel informed the court that appellant had been injured in the accident and needed medical treatment. The record reveals the following colloquy:

"THE COURT: All right. How did he come to be arrested? After this auto accident?

"MR. GREEN: [defense counsel] Yes, Your Honor.

"THE COURT: Was there criminal charges related to it, or something?

"THE DEFENDANT: No.

"MR. BECK: [probation officer] There was not, Judge."

The court's journal entry for that day stated:

" * * * Court finds defendant, Donald Jackson, to be a probation violator in this case and orders defendant released. If fines and costs are paid this date, probation will be terminated."

Because the fines and costs were paid, probation terminated in that case. Thereafter on June 15, 1994, the judge journalized an additional entry in the drug case, case No. CR 253950, which stated:

"Capias to issue for defendant, Donald Jackson. Defendant's offense in case CR 308927 took place while defendant was on probation to this court in case CR 253950. Court was misinformed by defendant of new offense when it ordered defendant's probation terminated. *Probation termination is rescinded* and

capias is issued. Defendant is remanded to county jail until outcome of defendant's new case." (Emphasis added.)

On July 6, 1994, appellant pleaded no contest to the indictment in case No. CR–308927, charges of carrying a concealed weapon, a .45 caliber automatic in count one, and having a weapon while under disability, a nonprobationable fourth degree felony in count two, and the court made findings of guilt on both charges.

On July 21, 1994, when appellant appeared before the court for sentencing on the weapons case, case No. CR 308927, the judge also conducted a second probation violation hearing on the drug case. On August 19, 1994, the court journalized the following order in case No. CR253950:

"Court finds defendant, Donald Jackson, to be a probation violator in this case. * * * It is therefore ordered and adjudged by the court that said defendant, Donald Jackson's sentence is imposed and ordered into execution. Sentence to run consecutive to CR 308927. * * *"

Appellant now contests the validity of that August 19, 1994 order and raises a single issue for review by this court, which challenges the propriety of the court's order rescinding the termination of probation and imposing sentence.

I

"Even when information that would have resulted in revocation of probation is discovered after termination and discharge, a trial court has no jurisdiction to rescind a valid, final order terminating probation; find Mr. Jackson a probation violator, and sentence him to prison, and that action violated his rights not to incriminate himself, to due process, and to protection from double jeopardy."

Appellant argues that the trial court did not have jurisdiction to rescind its order terminating appellant's probation and impose sentence on the drug charge.

The state believes that this is a case of first impression in Ohio and that the trial court had jurisdiction to rescind termination and impose sentence.

The issue for this court is whether the trial court, under these circumstances, had jurisdiction to rescind its order terminating probation and impose sentence.

We begin our analysis with R.C. 2951.09, which details the court's authority when dealing with an alleged probation violator:

"When a defendant on probation is brought before the judge * * *, the judge * * * immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. * * * *At the end or termination of the period of probation, the jurisdiction of the judge*

\* \* \* *to impose sentence ceases* and the defendant shall be discharged. \* \* \* " (Emphasis added.)

Further, we note that the court in *State v. Jackson* (1988), 56 Ohio App.3d 141, 565 N.E.2d 848, stated in its syllabus:

"When a period of probation ends, the subject matter jurisdiction of the sentencing court terminates. It matters not that the alleged violation of probation occurred during the period of probation and could have resulted, if timely prosecuted, in a revocation of probation and imposition of sentence."

This court has previously stated in *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860, at paragraph three of the syllabus:

"The jurisdiction of the trial court to impose the original sentence comes to an end when the period of probation ends."

And in *State v. O'Leary* (1987), 43 Ohio App.3d 124, 539 N.E.2d 634, the court stated in its syllabus:

"After the expiration of a probation period, a court has no jurisdiction to impose the suspended sentence for violations of probation conditions that were committed during the probation period."

In the instant case, on June 15, 1994, the trial judge rescinded termination of probation in the drug case and then conducted a second probation violation hearing on July 21, 1994, and sentenced appellant to prison.

Since the court had earlier terminated probation, albeit on misinformation from appellant, subject matter jurisdiction ceased at the time the judge journalized that order. We conclude that when a trial judge terminates probation for any reason, the court loses subject matter jurisdiction and cannot thereafter rescind termination and impose sentence. The judgment of the trial court is therefore reversed and the cause is remanded to the trial court to correct the record, as the August 19, 1994 journal entry in case No. 25390 is a nullity and the sentence imposed thereon is hereby rescinded.

*Judgment reversed*
*and cause remanded.*

PATTON, C.J., and MATIA, J., concur.