This appeal arises out of a trial court judgment reimposing Appellant's original sentence for a probation violation. Appellant contends that the trial court lacked jurisdiction to reimpose its original sentence. For the following reasons, this assignment of error has merit and we find that the trial court lacked jurisdiction to reimpose its original sentence.
It should be noted that the following facts come from a Statement of Proceedings filed by Appellant pursuant to App. R. 9(C) and approved by the trial court. Between November 30, 1993 and March 1, 1994, seven complaints were filed against Appellant for various criminal violations, including four counts of passing bad checks in violation of R.C. 2913.11, three of which were misdemeanors of the first degree and one which was a felony of the fourth degree; two counts of grand theft in violation of R.C. 2913.02, felonies of the fourth degree; and one count of theft by deception in violation of R.C. 2913.02, a felony of the fourth degree. Appellant originally entered a plea of not guilty to the charges and failed to appear for arraignment on some of the charges wherein a bench warrant was issued for his arrest.
On July 29, 1994, Appellant ultimately appeared with court appointed counsel and entered a plea of guilty to all of the charges filed against him. The trial court found Appellant guilty of the charges and sentenced him to serve one hundred eighty days in jail and pay a fifty dollar fine. This sentence was to run concurrently with a sentence that the trial court had already imposed upon Appellant in one of the charges. The court suspended all of the jail time and the fine and placed Appellant on active probation for one year with the conditions that Appellant pay court costs and restitution during his probation, that Appellant submit to a drug/alcohol evaluation by the probation department and that Appellant follow any and all of the probation department's recommendations.
On February 6, 1995, the probation officer to whom Appellant was to report filed a probation violation for Appellant's failure to keep his scheduled probation appointments, failure to appear for assessment, failure to make restitution and commission of a new theft offense. A hearing date was set on the violation. On February 24, 1995, Appellant appeared at the probation violation hearing and stipulated to the violation. Appellant made a payment on his fine and costs and the court ordered him to appear in the probation office on February 27, 1995 and to return to court for a review hearing on March 23, 1995. The trial court also ordered Appellant to comply with the probation department's conditions.
When Appellant failed to appear at the March 23, 1995 review hearing, the trial court issued a bench warrant. On April 14, 1995, Appellant appeared and again stipulated to the previous probation violation and the court reimposed thirty days of jail time of Appellant's original sentence. The trial court committed Appellant to serve that sentence and did not otherwise modify Appellant's sentence or extend his probationary period.
On July 28, 1995, the probation officer again filed another probation violation against Appellant for failure to keep scheduled appointments, failure to complete the ordered assessment, and commission of a new offense. The document also notified Appellant of a hearing set for August 22, 1995. The court transcript indicates that the court docketed the probation violation notice on August 1, 1995 and on August 2, 1995, the court ordered a show cause hearing for August 22, 1995. When Appellant failed to appear at the hearing, the trial court issued a bench warrant. According to the court transcript, on September 14, 1995, the probation officer indicated to the court that Appellant had reported to him and planned on complying with his court ordered probation conditions. As a result the trial court recalled the bench warrant and probation violation notice.
On October 31, 1995, the court transcript indicates that the court set another probation violation hearing for Appellant's failure to pay restitution and costs. Again, Appellant failed to appear at the hearing and a bench warrant was issued. On January 9, 1996, the trial court recalled the bench warrant.
On January 22, 1996, Appellant attended the most recent probation violation hearing with court appointed counsel. Counsel for Appellant argued that the trial court's jurisdiction to pursue the probation violation terminated when Appellant's probationary period terminated on July 29, 1995 as the court did not extend or otherwise modify this probationary period. Defense counsel argued that the court could not pursue any violations for which it took no action until after July 29, 1995 even if the violations occurred during Appellant's probationary period as the court lost jurisdiction after that time. Counsel also maintained that if the court did have jurisdiction, the court would act unconstitutionally in reimposing a sentence for a defendant's inability to pay restitution, fines and costs.
The trial court overruled the motion and reimposed the balance of Appellant's original sentence of six months, crediting him with the thirty days he previously served. On January 24, 1996, Appellant filed a notice of appeal. On February 23, 1996, this Court sustained Appellant's motion to stay execution of the trial court judgment provided that Appellant post a cash bond in the amount of all dishonored checks and currency deprived from the lawful owners as security.
On appeal, Appellant raises the following assignments of error:
 "THE TRIAL COURT ERRED IN REIMPOSING DEFENDANT'S SUSPENDED JAIL SENTENCE AFTER DEFENDANT'S PROBATION PERIOD HAD TERMINATED."
 "THE TRIAL COURT ERRED IN REIMPOSING DEFENDANT'S SUSPENDED JAIL SENTENCE WITHOUT A PRELIMINARY HEARING BEING HELD.
 "THE TRIAL COURT ERRED IN REIMPOSING DEFENDANT'S SUSPENDED JAIL SENTENCE FOR FAILURE TO PAY RESTITUTION, FINES AND COSTS WHEN DEFENDANT IS INDIGENT."
We note that a discrepancy exists on the record regarding the trial court's docketing of a probation violation written by the probation officer on July 25, 1995. The document itself contains a time-stamped date of July 28, 1995. However, the court transcript and "Proceedings/Journal Entry" envelope indicates a receipt date of August 1, 1995. The parties dispute the date upon which the court received the document. Despite the dispute, this Court finds that date irrelevant to the issue at hand but will refer to the violation as the July 28, 1995 violation.
In his first assignment of error, Appellant asserts that the trial court lost jurisdiction to reimpose his original sentence after July 29, 1995 because his probationary period expired and the court failed to toll or otherwise extend the probationary period. Appellant submits that the court acted beyond its jurisdiction in reimposing the original sentence on January 22, 1996 because the court subsequently recalled a July 28, 1995 probation violation and bench warrant issued for his arrest and acted upon an October 31, 1995 violation three months after his probationary period had expired.
Appellee contends that the court acted within its jurisdiction because the probation officer timely filed the probation violation notice and hearing date with the trial court on July 28, 1995, one day before the end of Appellant's probationary period. Appellee does not address the subsequent recalling of the probation violation and warrant and fails to mention the October 31, 1995 violation which resulted in the trial court reimposing Appellant's original sentence.
We find that the trial court acted beyond its jurisdiction in reimposing the original sentence based on either the July 28, 1995 violation or the October 31, 1995 violation as Appellant's probationary period had terminated.
The trial court placed Appellant on a one year active probationary period beginning July 29, 1994. The probationary period expired on July 29, 1995. Statutory law and caselaw clearly indicate that once the probationary period ends, the jurisdiction of the trial court also terminates. R.C. 2951.09;State v. Jackson (1988), 56 Ohio App.3d 141, 142. R.C. 2951.09
provides that:
 "When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. * * * At the end or termination of the period of the probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged."
However, a trial court can retain jurisdiction if it extends the probationary period under R.C. 2951.09 or tolls the probationary period under R.C. 2951.07. Ohio courts have held that a court can toll a probationary period only on a timely filed motion to terminate probation and a timely filed warrant, capias or summons. State v. Wallace (1982), 7 Ohio App.3d 262,263; State v. Jones (Sept. 26, 1997), Lake App. No. 97-L-001, unreported. R.C. 2951.07 provides:
 "[i]f a probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so * * *, the probation period ceases to run until such time as the probationer is brought before the court for its further action."
A court loses jurisdiction to act after an original probation period when it fails to extend the probationary period before its expiration because a defendant disappears or absconds.Jackson, 56 Ohio App.3d at 142, citing State v. Simpson (1981),2 Ohio App.3d 40.
Further, the Ohio Supreme Court has recently held that a trial court retained jurisdiction to revoke a defendant's probation and to resentence him after his probationary period would have ended when it issued capiases for the defendant's arrest during the defendant's five year probationary period as the capiases tolled the running of the defendant's probationary period. Rash v. Anderson (1997), 80 Ohio St.3d 349, 350-351.
While we agree that capiases toll a defendant's probationary period, we distinguish Rash because the trial court in the instant case recalled each and every capias that it issued during the defendant's probationary period. Further, no motions or orders to terminate or toll probation appear in the record and the trial court recalled the July 28, 1995 probation violation in whole at the request of the probation officer.
Appellee asserts that since the probation officer notified the trial court of the July 28, 1995 probation violation and sent notices to the proper parties including Appellant before the end of Appellant's probationary period, R.C. 2951.09 was satisfied and the trial court possessed jurisdiction to act on the July 28, 1995 violation even though the probation violation hearing was not scheduled until August 22, 1995 and the warrant was not issued until August 22, 1995.
Since the trial court specifically recalled the warrant issued for Appellant on the July 28, 1995 violation as well as the probation violation itself, we need not determine whether notice of the violation and a hearing date constituted sufficient action under R.C. 2951.09. The court's cancellation of the probation violation nullified any probation violation that Appellant allegedly committed and thus did not extend or otherwise toll Appellant's probationary period set to expire on July 29, 1995. Further, the warrant was issued on August 22, 1995, almost one month after expiration of Appellant's probationary period.
Additionally, since the trial court recalled all of its previous warrants issued for Appellant's arrests during his probationary period and never extended or tolled the period, the court acted beyond its jurisdiction in reimposing Appellant's original sentence on the October 31, 1995 violation since that probation violation was well beyond the expiration of Appellant's probationary period on July 29, 1995. R.C.2951.09 specifically states that a trial court "* * * may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at anytime during the probationary period." [emphasis added]. By reimposing Appellant's original sentence on January 22, 1996 on a probation violation filed on October 31, 1995, the court acted well beyond the expiration date of Appellant's probationary period and thus its jurisdiction.
Even assuming arguendo that the court appropriately tolled Appellant's probationary period when it issued its bench warrants on March 23, 1995 until Appellant appeared on April 14, 1995 and again on August 2, 1995 until it was recalled on September 14, 1995, the court's reimposition of sentence on January 22, 1996 would still reach well beyond any tolling of the probationary period. The October 31, 1995 probation violation would also reach well beyond these assumed valid tolling periods.
Since we find Appellant's first assignment of error meritorious and hold that the trial court lost jurisdiction to reimpose his original sentence, we need not address Appellant's second and third assignments of error pursuant to App. R. 12(A)(1)(c) as they are rendered moot.
For all of the foregoing reasons, we find that Appellant's assignment of error number one is meritorious. Accordingly, the trial court judgment is hereby reversed.
Hon. Cheryl L. Waite, Hon. Edward A. Cox, Hon. Joseph J. Vukovich, JUDGES.
Cox, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ---------------------- CHERYL L. WAITE, JUDGE