JOURNAL ENTRY AND OPINION
Appellant, Vincent J. Williams, is appealing the trial court's order finding appellant to be a probation violator. For the following reasons, we reverse and remand.
Appellant pled guilty to possessing counterfeit cocaine in case number 312794. Case number 316707 was nolled. When appellant pled guilty, the court was aware that another drug offense was pending in case number 332311. The court advised appellant that he would receive probation on that offense also, but he may receive new conditions of probation. On November 13, 1995, he was sentenced to one and a half years, suspended, ordered to pay the probation supervision fee of $100, and placed on probation for one year.
Subsequently, appellant pled guilty to the drug offense in case number 332311. On February 26, 1996, he was given a sentence of six months suspended, and placed on probation for one year.
At the probation revocation hearing on September 4, 1998, the probation officer testified that on May 6, 1996, appellant was convicted of a misdemeanor charge of domestic violence in Cleveland Municipal Court. Appellant stopped reporting to the county and city probation departments. A capias was issued in case number 312794 and 332311 on December 26, 1996. In August, 1997, appellant was found to be a probation violator. Probation was extended until February 1, 1998.
The probation officer testified that thereafter, the City of Cleveland held appellant in jail until October of 1996. Appellant reported to the county probation officer on October 21, 1997, but failed to report thereafter. A capias was issued on January 21, 1998. In a jail interview on September 2, 1998, appellant stated that he attempted to relocate to Indiana. After his return from Indiana, he did not report to probation.
The handwritten docket in case number 312794 contains an entry after the Dec. 26, 1996 capias, stating "CR 312538 consolidated herein 8-8-94." the docket indicates that on August 10, 1997, the capias was returned and appellant was in custody. Neither the handwritten docket nor the record reflects that probation was extended to February 1, 1998 in case number 312794. The record for case number 332311 and the transcript of the probation violation hearing of August, 1997 were not submitted to this court.
On September 4, 1998, appellant was found to be a probation violator, and the original sentence, modified to one year, was imposed in case number 312794. The original sentence of six months was imposed in case number 332311, to run concurrently with the sentence in 312794.
We must first address the question of whether this case is moot. As of September 4, 1999, appellant was finished with his prison sentence. There was no motion to stay the sentence. An appeal challenging the sentence or finding of a probation violation of an underlying felony conviction is not moot, even if the sentence was served. See City of Parma v. Melinis (June 25, 1998), Cuyahoga App. No. 73483, unreported; State v. Kirkland, (Sept. 21, 1999), Franklin App. No. 98AP-1304, unreported.
Also, appellant did not voluntarily serve his sentence, because he filed a pro se motion to terminate probation. See State v.Harris (1996), 109 Ohio App.3d 873. This appeal is not moot. Appellant's sole assignment of error states:
 THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO REVOKE THE APPELLANT'S PROBATION AND ORDER HIS SUSPENDED PRISON TERM INTO EXECUTION BECAUSE THE PROBATIONARY PERIOD EXPIRED PRIOR TO THE REVOCATION. MOREOVER, SINCE THE PROBATION REVOCATION WAS VOID, THE COURT ERRED BY FAILING TO GRANT THE APPELLANT'S MOTION TO VACATE THE IMPOSED PRISON TERM.
Appellant asserts that the court lacked subject matter jurisdiction in case number 312794, because his probation in that case expired on November 13, 1996, and a capias was not issued until December 26, 1996.
 At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.
See R.C. 2951.09. Probation can not be revoked and the original sentence imposed when the trial court's journal entry previously terminated probation. State v. Jackson (1995), 106 Ohio App.3d 345,348. In this case, the one year term had expired, but appellant had not paid the probation fee of $100. There was no order terminating probation. R.C. 2951.09 says that jurisdiction ceases at the end or termination of the period of probation. Once the probationary period ends, the trial court's subject matter jurisdiction ends. See State v. Jackson (1988), 56 Ohio App.3d 141,142; State v. Jones (1997), 123 Ohio App.3d 144, 147; Cityof Cleveland v. Rutley (Aug. 23, 1990), Cuyahoga App. No. 57234, unreported.
The prosecution asserts that the court had jurisdiction over appellant, because the court must have extended the probationary period in case number 312794 to February 26, 1997, to coincide with the probationary period in case number 332311. No journal entry indicates that such an extension was made, or that this case was consolidated with case number 332311. A judge's written or oral pronouncement is not recognized as action of court unless it is entered upon journal. State v. Keenan (1988), 81 Ohio St.3d 133,154; State v. Barker (1998), 128 Ohio App.3d 233.
The prosecution argues the extension of probation was required because the court did not sentence appellant to jail for violating the probation in case number 312794, such violation being the crime charged in case number 332311. The offense in case number 332311 occurred before probation was imposed in case number 312794, so the offense could not have been in violation of a probation that did not exist. See State v. Battle (June 28, 1989), Hamilton App. No. C-880131, unreported; State v. Wetzel
(Feb. 9, 1994), Summit App. No. 16407, unreported. If another crime occurs before the sentence of probation, the court may adjust the sentence accordingly. See State v. Henderson (1989),62 Ohio App.3d 848, Wetzel, supra.
Appellee also asserts that because this court does not have a transcript of the August, 1997 probation revocation hearing, this court must presume regularity. See State v. Prince (1991),71 Ohio App.3d 694, 699; State v. Roberts (1991), 66 Ohio App.3d 654,657. Appellee argues that this court must presume that appellant left the jurisdiction or was confined in an institution for commission of an offense between November, 1995 and November, 1996, for at least a month and a half, in order to toll the statute of limitations until December 26, 1996. See R.C. 2951.07. Even where probationer absconds during the period of probation, the court is deprived of jurisdiction to act after the original probation period, if it fails to extend period of probation prior to its expiration. See State v. Jackson (1988), 56 Ohio App.3d 141.
Accordingly, appellant's assignment of error is sustained.
The decision of the trial court is reversed and remanded.
This case is remanded to the trial court to correct the record, as the journal entry finding appellant to be a probation violator is a nullity.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., AND SWEENEY, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE