[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 454.]

KAINE, APPELLANT, *v.* MARION PRISON WARDEN, APPELLEE.

[Cite as *Kaine v. Marion Prison Warden*, 2000-Ohio-381.]

*Habeas corpus sought to compel Marion Prison Warden to release relator from prison—Dismissal of petition affirmed.*

(No. 99-2103—Submitted April 11, 2000—Decided May 17, 2000.)

APPEAL from the Court of Appeals for Marion County, No. 9-99-56.

_____

{¶ 1} On August 28, 1996, the Cuyahoga County Court of Common Pleas entered a judgment convicting appellant, Charles Kaine, of aggravated arson and insurance fraud, and sentenced him to an aggregate prison term of seven to twenty-seven years. The common pleas court suspended execution of sentence and placed Kaine on two-years' probation. Although the court's entry was dated July 29, 1996, it was not entered as a judgment until August 28, 1996.

{¶ 2} On July 29, 1998, the common pleas court revoked Kaine's probation and ordered Kaine to serve his previously suspended prison sentence. Although the entry was dated July 22, 1998, it was not entered as a judgment until July 29, 1998.

{¶ 3} In September 1999, Kaine filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus. Kaine claimed that he was entitled to release from prison because his probationary period had already expired by the time the trial court revoked his probation. The court of appeals dismissed the petition.

_____

*Charles Kaine, pro se*.

*Betty D. Montgomery*, Attorney General, and *Katherine E. Pridemore*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

**{¶ 4}** Kaine claims that at the time the trial court revoked his probation, his two-year probationary period had expired and divested the trial court of jurisdiction. Under R.C. 2951.09, "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." And pursuant to the statute, " '[i]t matters not that the alleged violation of probation occurred during the period of probation and could have resulted, if timely prosecuted, in a revocation of probation and imposition of sentence.' " *State v. Jackson* (1995), 106 Ohio App.3d 345, 348, 666 N.E.2d 255, 257, quoting *State v. Jackson* (1988), 56 Ohio App.3d 141, 565 N.E.2d 848.

**{¶ 5}** Kaine's claim is meritless. He erroneously relies on a date before his trial court's judgment placing him on probation was journalized to be the starting date for his two-year probationary period. Crim.R. 32(C) expressly provides that a judgment in a criminal case "is effective only when entered on the journal by the clerk." The rule reflects the axiom that courts speak only through their journal entries. See *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267, 269; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph two of the syllabus.

**{¶ 6}** Based on the foregoing, Kaine's two-year probationary period did not commence until his judgment of conviction and sentence was entered, *i.e.*, August 28, 1996. And his probation was revoked by a judgment entered on July 29, 1998, which was within his probationary period. Therefore, Kaine's trial court had the requisite jurisdiction to revoke his probation and order him to serve his previously suspended sentence, and he is not entitled to extraordinary relief in habeas corpus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.