DECISION.
This is an appeal, removed sua sponte from our accelerated calendar, from the order of the Hamilton County Court of Common Pleas granting summary judgment to an employer in what is, generically, an age-discrimination case.
The case had a small beginning, but its proportions grew and, as a consequence of our decision, has not ceased its passage. The plaintiff-appellant, Richard N. Hartman, a press operator with some twenty years' experience in the printing industry, began his employment with the defendant-appellee, Norm Falick, in August 1996. Hartman was discharged on July 24, 1998, at which time he was forty-five years of age. He was replaced by a thirty-four-year-old man who had previously been employed by Falick as a press operator.
On August 14, 1998, Hartman filed a complaint, pro se, in the Small Claims Division of the Hamilton County Municipal Court, seeking recovery of $2930 for "3 week [sic] severance pay plus two weeks vacation pay." These amounts, according to Hartman's deposition testimony, had been promised him by Falick in a conversation on the day of his discharge.
On October 8, 1998, Falick filed a general denial of the complaint and asserted a counterclaim alleging, inter alia, that he was entitled to recover attorney fees and court costs because "[p]laintiff's complaint is brought in bad faith, with no legal basis, and with the intention to harass defendant, all in violation of § 2323.51 of the Ohio Revised Code."
Hartman then retained legal counsel and filed an amended complaint on November 19, 1998, reiterating his claims for severance and vacation pay and adding ones for health-insurance coverage, breach of implied contract and age discrimination. On December 17, 1998, Falick answered and again counterclaimed. In tandem, Falick moved the municipal court to transfer the case to the court of common pleas, because if Hartman could prevail on his claims for damages arising from lost wages, benefits, mental anguish, emotional distress, punitive damages and attorney fees, the judgment might exceed the limits of the monetary jurisdiction of the municipal court. On February 25, 1999, the court ordered a transfer to the court of common pleas.
Discovery proceedings were had, and, on November 4, 1999, Falick filed his motion for summary judgment. Hartman responded some thirteen days later. On January 18, 2000, the court granted Falick's motion, giving its reasons in an opinion made part of the record.[1]
With respect to Hartman's claim based on breach of implied contract,viz., one that derived from provisions in the handbook given him by Falick when he was hired, the court held that there was no evidence that Hartman's employment was other than one "at-will." Hartman's age-discrimination claim was rejected because there was no evidence to show, directly or indirectly, that Hartman's discharge was a product of such discrimination, and because Falick had presented legitimate, non-discriminatory, non-pretextual reasons for terminating Hartman's employment.
The first of Hartman's two assignments of error is that the court erred when it granted Falick summary judgment on the age-discrimination claim, because "[a]n employer is not entitled to summary judgment in an age discrimination case where the plaintiff establishes a prima facie case of discrimination and there is substantial evidence that the employer's stated reason for its action is a fabrication with no basis in fact."
The second assignment's predicate is that the court erred with respect to the claim for breach of implied contract for this reason:
 An employer is not entitled to summary judgment on a former employee's breach of implied contract claim where the employee shows that he was fired in violation of the terms of the company's employee handbook, and where there is substantial evidence that the employer and employee intended and agreed to be bound by the handbook's terms.
Very recently, we restated the general rules governing interpretation of Civ.R. 56(C) when deciding Donald v. Midwest Mortgage Banc, Inc. (June 30, 2000), Hamilton App. No. C-990602, unreported, at 5-6:
 Pursuant to Civ.R. 56(C), a trial court may grant a motion for summary judgment where the moving party shows that there is no genuine issue of material fact left to be litigated; that it is entitled to judgment as a matter of law; and that it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Summary judgment may not be entered, however, if a material fact is genuinely disputed. Initially, the moving party bears the burden of providing the basis for its motion and pointing to evidentiary materials demonstrating the absence of a genuine issue of fact on a dispositive issue, even if that issue would not ordinarily fall within the movant's burden of proof at trial. The moving party cannot discharge its initial burden by making unsupported assertions; rather it must specifically point to some evidence demonstrating that the nonmoving party cannot prove its claims. If the moving party fails to satisfy its initial burden, a motion for summary judgment must be denied, but if the moving party has met that burden, then the nonmoving party has the reciprocal burden of specificity to demonstrate that there is a material factual issue deserving of a trial. Our review of the appropriateness of summary judgment is de novo. [Footnotes omitted.]
Hartman brought his claim for discrimination in accordance with R.C.4112.02(N). In Plumbers Steamfitters Joint Apprenticeship Commt. v.Ohio Civil Rights Comm. (1981), 66 Ohio St.2d 192, 197, 421 N.E.2d 128,132, the court adopted specifically the formula for judicial inquiry into complaints alleging discrimination that was established in McDonnellDouglas v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817.
The Supreme Court of the United States revisited McDonnell Douglas when deciding Reeves v. Sanderson Plumbing Products, Inc. (2000), ___ U.S. ___, 120 S.Ct. 2097, holding this:
 McDonnell Douglas and subsequent decisions have "established an allocation of the burden of production and an order for the presentation of proof in * * * discriminatory-treatment cases." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). First, the plaintiff must establish a prima facie case of discrimination.
Reeves, supra at ___, 120 S.Ct. at 2106.
Hartman recognizes his obligations to establish a prima facie case and submits that he did so because Falick conceded in his motion for summary judgment (1) that Hartman was a member of the protected class, i.e., he was at least forty years of age; (2) that he was qualified for the position he held; (3) that he was subject to an adverse employment action, i.e., discharge; and (4) that he was replaced by someone outside the protected class, i.e., someone under forty years of age.
Hartman argues, correctly, and Falick agrees, that once a prima facie case was presented, the burden shifted to Falick to produce evidence that he, Falick, had articulated a non-discriminatory reason for the discharge. "This burden [was] one of production, not persuasion;" it did not involve any credibility assessment. Id. As Judge Robert H. Gorman wrote for a unanimous panel in Weiper v. W.A. Hill Assoc. (1995),104 Ohio App.3d 250, 263, 661 N.E.2d 796, 805, citing St. Mary's HonorCtr. v. Hicks (1993), 509 U.S. 502, 113 S.Ct. 2742,
 If the employer can articulate a nondiscriminatory reason, then the presumption of discrimination raised by the prima facie case is rebutted, and the plaintiff's burden is to prove that the employer's reason for discharge was false, and that discrimination was the real reason for the discharge.
Judge Gorman wrote further in context, "[I]t is now incumbent upon the employee to prove not only that the employer's reason for discharge was false, but that discrimination was the real reason." Id.; see, also,Atkinson v. Internatl. Technegroup, Inc. (1995), 106 Ohio App.3d 345,666 N.E.2d 257. According to the Supreme Court, the ultimate question in every employment case involving a claim of disparate treatment is whether the employee was the victim of intentional discrimination. In Reeves,supra at ___, 120 S.Ct. at 2106, the court held that the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the employee. This observation was followed by these remarks:
 And in attempting to satisfy this burden, the plaintiff once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision — must be afforded the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." [Citations omitted.] That is, the plaintiff may attempt to establish that he was the victim of intentional discrimination "by showing that the employer's proffered explanation is unworthy of credence." [Texas Dept. of Community Affairs v.] Burdine [450 U.S. 248], 256, 101 S.Ct. 1089. Moreover, although the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production, St. Mary's Honor Center, supra, at 511, 113 S.Ct. 2742, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case "and inferences properly drawn therefrom * * * on the issue of whether the defendant's explanation is pretextual," Burdine, supra, at 255, n. 10, 101 S.Ct. 1089.
Reeves, supra at ___, 120 S.Ct. at 2106.
It is clear from the evidentiary matter presented below to support Falick's motion for summary judgment that his reasons for discharging Hartman were Hartman's poor job performance and his poor attitude, as typified by instances of insubordination and unjustified and vituperative criticisms of Falick's general manager. According to Falick, Hartman's replacement had produced work superior in quality to Hartman's work in his earlier employment, and it was a "business decision" that benefited the company to re-hire him.
On his own behalf, Hartman produced evidence of the lack of criticisms of either his job performance or his attitude toward fellow employees, and the absence of any warnings about any shortcomings, i.e., the implementation of any of the corrective actions set forth in the company's handbook. There was also evidence that Hartman's immediate supervisor during the major part of his tenure had found him to be a reliable, dedicated, skillful employee whose work product was "at least" as good as that of Falick's other press operators. Accordingly, Hartman contends that, upon the totality of the circumstances, a trier of the fact could conclude that Falick's true reason for the discharge was Hartman's age alone.
In her opinion in Reeves, supra at ___, 120 S.Ct. at 2108, Justice Sandra Day O'Connor noted that "in appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Quoting once more St. Mary's Honor Ctr., supra, Justice O'Connor wrote this:
 There we held that the factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not compel judgment for the plaintiff. 509 U.S., at 511, 113 S.Ct. 2742. The ultimate question is whether the employer intentionally discriminated, and proof that "the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason * * * is correct." Id. at 524 [sic], 113 S.Ct. 2742. In other words, it is not enough * * * to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." * * * In reaching this conclusion, however, we reasoned that it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation. Specifically, we stated:
 "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination." Id., at 511, 113 S.Ct. 2742. [Emphasis added.]
Reeves, supra at ___, 120 S.Ct. at 2108.
Our review of the appropriateness of the rendition of summary judgment in this case leads us to conclude, with respect to Hartman's claim for age discrimination, that judgment cannot be rendered as a matter of law. The genuine issues in dispute can be resolved only by a trier of fact at an appropriate juncture. Resultantly, Hartman's first assignment of error must be sustained.
On the other hand, Hartman's second assignment is not well taken for the reasons given in the trial court's opinion. Our review convinces us that no rational construction of the contents of the employee handbook supports a conclusion that the handbook created an implied contract. At best, the handbook was, as Falick submits, a unilateral assertion of his company's rules and regulations that did not alter Hartman's status as an at-will employee.
Resultantly, the judgment of the Hamilton County Court of Common Pleas is affirmed as to Hartman's second cause of action for breach of implied contract, but reversed as to his third cause for discriminatory discharge on the basis of age, and this cause is remanded for further proceedings according to law.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] In the opinion dated December 23, 1999, the court found that genuine issues of material fact existed about whether Hartman was entitled to severance and vacation pay. Therefore, summary judgment was granted only on the second and third causes of action. In the January 18 entry, the first cause of action and the counterclaim were dismissed by stipulation.