[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} This is an appeal by appellant, Christopher M. Walker, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the court granted appellee State of Ohio's objections to a magistrate's decision.
 {¶ 2} On October 23, 1998, appellant, then 12 years old, entered an admission to one count of raping his then nine-year-old biological sister, in violation of R.C. 2907.02(A)(1)(b), which would be a first degree felony if committed by an adult. After a December 1, 1998 dispositional hearing, a magistrate issued a decision, which stated, in relevant part:
 {¶ 3} "On December 1, 1998 it is the decision of the magistrate that the following orders shall issue:
 {¶ 4} "* * * Place [appellant] on official probation until December 1, 2000, subject to the rules and regulations attached. Order that probation not terminate, but continue until further court hearing, if during the probation term Christopher Walker truants home or placement, removes himself from the jurisdiction of the court, or if a motion alleging violation of probation is filed.
 {¶ 5} "Make Christopher Walker a ward of the court and temporarily commit [him] to the temporary custody of Franklin County Children Services. Said temporary custody to continue until further order of the court. * * *"
 {¶ 6} The magistrate's decision was filed December 8, 1998. Attached to and filed with the magistrate's decision were the "Terms and Conditions of Probation," which indicated, in pertinent part, that appellant "was placed on probation for a period of 24 months, under the following terms and conditions until 12/1/2000 or until all conditions have been completed." Among the terms and conditions listed were that appellant: not truant placement (Condition #3); follow all rules of placement (Condition #4); and "cooperate complete all sexual offender counseling; [e]nd as necessary." (Condition #9E). In its judgment entry filed the same day, the trial court incorporated by reference the thereto attached magistrate's decision and made it the judgment of the court.
 {¶ 7} Pursuant to an annual review conducted in October 1999, the court maintained wardship of appellant and extended the temporary commitment order. In April 2000, the court, on motion of the state, terminated the temporary commitment order and replaced it with a planned permanent living arrangement ("PPLA") order through Franklin County Children Services ("FCCS.") Pursuant to a second annual review conducted on December 1, 2000, the court maintained its wardship and extended the PPLA order.
 {¶ 8} On February 21, 2001, appellant's probation officer filed a motion requesting the court to exercise its continuing jurisdiction, alleging that appellant had violated Condition #3 of his probation because he had truanted placement. After a March 21, 2001 hearing, at which appellant entered an admission to the violation, a magistrate issued a decision finding that appellant had violated Condition #3 of his probation. The magistrate also ordered that probation be maintained "subject to the rules and regulations previously imposed" and added the condition that appellant complete anger management counseling. By judgment entry filed April 2, 2001, the trial court adopted the magistrate's decision.
 {¶ 9} On June 11, 2001, appellant's probation officer filed a second motion requesting the court to exercise its continuing jurisdiction, alleging that appellant had violated Condition #4 of his probation because he had stolen $60 from his foster parent and was found with a bag of marijuana. Appellant admitted the probation violation. The state maintained that appellant should be permanently committed to the Ohio Department of Youth Services. Appellant's counsel requested that the magistrate consider a placement where appellant could receive treatment for his inappropriate sexual behaviors. By decision filed July 10, 2001, the magistrate found that appellant had violated Condition #4, ordered FCCS to research available residential treatment options, and set the matter for hearing. The trial court adopted the magistrate's decision by judgment entry filed July 10, 2001. At the hearing held on July 13, 2001, the state informed the magistrate that appellant had been accepted into the Cove Prep residential treatment program for sexual offenders in Pennsylvania. By decision filed July 26, 2001, the magistrate extended probation until November 30, 2001, "subject to the rules and regulations previously imposed," maintained the PPLA, and agreed that FCCS could place appellant in the Cove Prep treatment facility. By judgment entry filed July 26, 2001, the trial court adopted the magistrate's decision
 {¶ 10} On November 14, 2001, appellant's probation officer filed a third motion requesting that the court exercise its continuing jurisdiction to "consider an alternative disposition," i.e., to extend appellant's probation past November 30, 2001, on grounds that he would not be able to complete treatment at Cove Prep until after that date.
 {¶ 11} After a hearing on November 30, 2001, a magistrate recommended that the court dismiss the request to extend probation on grounds that appellant had not violated a condition of probation. The magistrate's decision was filed December 12, 2001. The state filed timely objections to the decision. Appellant filed a memorandum contra the state's objections. Therein, appellant argued that he had not violated any of the terms of his probation, which, according to appellant, was to terminate on November 30, 2001. Appellant contended that "[w]ithout any violations to consider, the Magistrate allowed his probation to terminate as previously ordered." (Jan. 16, 2002 Memo Contra, at 2.)
 {¶ 12} A hearing on the state's objections was held on February 1, 2002, during which the court heard oral arguments from counsel for the prosecution, counsel for FCCS, and counsel for appellant, two probation officers, appellant's Cove Prep therapist, and appellant's mother. With the exception of appellant's counsel, all recommended that the court extend appellant's probation and order him to complete the Cove Prep treatment program; in addition, all maintained that the structure provided through probation was necessary for appellant to successfully complete the program and to provide additional support as appellant transitioned back into the community. Appellant's counsel argued that the court was without jurisdiction to extend appellant's probation because appellant had not violated the terms of his probation.
 {¶ 13} The court filed a decision on April 8, 2002, in which it sustained the state's objections to the magistrate's decision. The court extended appellant's probation until August 1, 2002, "in accordance with [appellant's] December 8, 1998 filed terms and conditions of probation." (Apr. 8, 2002 Decision, at 7.) The court's decision included findings of fact and conclusions of law. In its findings of fact, the court found that appellant had been placed on probation until December 1, 2000, or until all probation conditions were completed; that one of the conditions of probation required that appellant complete sexual offender counseling; that appellant had not yet completed that counseling; that the prosecutor and appellant's therapist, probation officers, FCCS representative and mother all agreed that the structure provided through probation was necessary for appellant's successful completion of counseling and that he had previously failed to complete two prior treatment programs, in part due to his inability to self-regulate; and that it was in appellant's best interest to continue the Cove Prep counseling and have his probation extended until August 1, 2002.
 {¶ 14} In its conclusions of law, the court determined, inter alia, that it had jurisdiction over the matter pursuant to Juv.R. 35(A); that because the state's motion was not one to revoke probation made pursuant to Juv.R. 35(B), there was no requirement that the state prove that appellant had violated a condition of probation; and that R.C.2151.355(A)(12) gave the court authority to "make any further disposition that the court finds proper." The court granted the state's objection on the basis that the state sought to extend probation in order to permit appellant to complete counseling and that appellant had not fully completed the terms and conditions of his probation imposed at the December 1, 2000 dispositional hearing. The court journalized its decision on April 8, 2002.
 {¶ 15} Appellant timely appealed and advances two assignments of error for our review:
 {¶ 16} "[1.] The trial court erred in extending Appellant's probation after it expired on December 1, 2000. This act violated Appellant's rights under the state and federal Constitutions.
 {¶ 17} "[2.] The trial court erred in granting the State's November 14, 2001 motion to exercise continuing jurisdiction to extend Appellant's probation in the absence of a finding that he violated a condition of probation."
 {¶ 18} By his first assignment of error, appellant contends that the trial court erred in extending appellant's probation period past December 1, 2000. Appellant asserts that the trial court's actions constituted a violation of his rights to equal protection, due process, and freedom from double jeopardy.
 {¶ 19} The version of R.C. 2151.355(A) in effect at the time of the trial court's initial dispositional order in this case provided the court with numerous dispositional options. These options included "[a]ny order that is authorized by section 2151.353 of the Revised Code," (R.C.2151.355[A][1]), and "probation under any conditions that the court prescribes." (R.C. 2151.355[A][2].) In addition, R.C. 2151.355(A)(12) authorized the court to "[m]ake any further disposition that the court finds proper." Because the General Assembly did not list these dispositional options in the alternative, the court possessed the authority to issue any number of the options listed. In re Braun, Washington App. No. 01CA42, 2002-Ohio-3021, at ¶ 26.
 {¶ 20} In the instant case, the trial court both committed appellant to the temporary custody of FCCS under R.C. 2151.353(A)(2) and imposed a period of probation upon him under R.C. 2151.355(A)(2). Appellant contends that the order placing appellant on probation expressly set the termination date at December 1, 2000; therefore, because the court did not take some action prior to the expiration of the probation period, the court was without jurisdiction to adjudicate a probation violation or extend probation past December 1, 2000. Appellant notes that several Ohio courts have held that when no action is taken to commence a probation violation hearing during the original probation period, the court's subject matter jurisdiction ends when the period of probation ends. See, e.g., State v. Jackson (1988), 56 Ohio App.3d 141; State v. Simpson (1991), 2 Ohio App.3d 40; State v. Yates (1991), 58 Ohio St.3d 78; and State v. Sapp (June 11, 1983), Wood App. No. 92WD094. Appellant further points to In re Cross, 96 Ohio St.3d 328, 2002-Ohio-4183, wherein the Ohio Supreme Court recently held that "[a] juvenile court does not have the jurisdiction to reimpose a suspended commitment to a Department of Youth Services facility after a juvenile has been released from probation." Id. at syllabus. We find appellant's reliance on these cases misplaced. None contain conditional language such as that set forth in the court's order in the instant case. Further, in the juvenile cases upon which appellant relies, i.e., Cross and Sapp, the trial court had officially released or discharged the juveniles from probation prior to the time the disputed disposition was imposed.
 {¶ 21} In In re Caldwell (1996), 76 Ohio St.3d 156, the Ohio Supreme Court clarified the purposes and goals underlying the juvenile court system: "to provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, as the statute states, to supervise, care for and rehabilitate those children." Id. at 157, citing R.C. 2151.01. As such, the juvenile court is given the discretion to take any steps "necessary to fully and completely implement the rehabilitative disposition of a juvenile under R.C. 2151.355." Id. at 159. The juvenile court is awarded wide latitude because it has the "opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved. The statute authorizes the court to issue orders of disposition appropriate to each child." Id. at 160-161. Absent an abuse of discretion, the juvenile court's judgment will not be reversed on appeal. Id.
 {¶ 22} Because the juvenile court has broad discretion in fashioning orders specifically tailored to address each juvenile's particular treatment and rehabilitative needs, review of the court's orders must involve a careful reading of the language contained therein. See Braun, supra; In re Herring (July 10, 1996), Summit App. No. 17553, and In re Proctor (Dec. 24, 1997), Summit App. No. 18257. In this case, the court placed appellant on probation until December 1, 2000, "subject to the rules and regulations attached." Attached to the court's judgment entry were the "Terms and Conditions of Probation," which required appellant to serve 24 months of probation until December 1, 2000 "or until all conditions have been completed." One of the conditions required appellant to complete all sexual offender counseling. We agree with the state's contention that the "Terms and Conditions of Probation," which were signed by appellant and attached to and filed with the order placing appellant on probation, were that to which the court referred when it ordered appellant's probation "subject to the rules and regulations attached." Language utilized in a court's order is given its ordinary meaning. Trifiletti v. Wolford (Nov. 8, 2000), Lorain App. No. 99CA007513. Further, a court has the right "to construe and clarify its own judgment * * *." Id.
 {¶ 23} Upon review of the facts and circumstances involved in this case, we cannot agree with appellant's contention that his period of probation expired on December 1, 2000. The record contains no indication that the trial court released or discharged appellant from probation on December 1, 2000. To the contrary, the record contains ample evidence suggesting that both the magistrate and the trial court did not consider appellant's term of probation to be complete until all terms and conditions of his probation had been satisfied, including the completion of sexual offender counseling. Indeed, the magistrate found that the court had continuing jurisdiction to adjudicate two separate probation violations after December 1, 2000. It is clear that the magistrate relied on the "until all conditions have been completed" language to bridge the gap between the alleged termination date of December 1, 2000 and the magistrate's first adjudication of probation violation in February 2001. The record contains no evidence that appellant objected to either the magistrate's finding of continuing jurisdiction or the probation violation adjudications. Indeed, the record establishes that appellant admitted both violations and did not file objections to either of the magistrate's decisions. In fact, the record reflects that appellant did not object to the magistrate's statement at the hearing on the second probation violation that he was "currently on probation." Further, appellant did not appeal the trial court's orders adopting the magistrate's decisions. Moreover, in its April 8, 2002 judgment, the trial court specifically found that appellant's probation period did not terminate until all the conditions of probation were completed. As noted previously, a trial court has the inherent right to interpret and explain its own orders.
 {¶ 24} Under the facts and circumstances of the instant case, and particularly in light of the serious nature of appellant's action and his obvious need for structured sexual offender counseling, we find it clear that appellant's probation period was conditioned upon his completion of sexual offender counseling and, therefore, did not expire on December 1, 2000.
 {¶ 25} We also find no merit to appellant's contention that the trial court's actions constituted a violation of his rights to equal protection, due process, and freedom from double jeopardy. Initially, we note that appellant's constitutional arguments are premised upon the faulty assumption that his probation period expired on December 1, 2000, and that the court imposed additional dispositions upon him (probation violation findings and extensions of probation) after he was released from probation. As we have previously determined, appellant's probation period did not expire on December 1, 2000, but continued until all conditions of his probation were completed.
 {¶ 26} Appellant first contends that the trial court's actions violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution because he, a juvenile, was treated differently than a similarly situated adult probationer.
 {¶ 27} In In re Cundiff (Jan. 13, 2000), Franklin App. No. 99AP-364, this court discussed the application of the Equal Protection Clause to a juvenile's claim of disparate treatment:
 {¶ 28} "The guarantee of equal protection of the laws means that `no person or class of persons shall be denied the same protection of the law which is enjoyed by other persons or other classes in the same place and under like circumstances.' * * * `The Equal Protection Clause does not * * * require that the state never distinguish between citizens, but only that the distinctions that are made not be arbitrary or invidious.' * * * We find that juveniles adjudicated delinquent and adults convicted of a crime are not groups that are similarly situated. Courts have recognized in a variety of contexts that the state is justified in treating juveniles differently than adults because of its interest in preserving and promoting the welfare of the child. * * * This proposition is particularly applicable in the context of delinquency proceedings. Juveniles are entitled to proceedings that `measure up to the essentials of due process and fair treatment.' * * * However, `the Constitution does not mandate elimination of all differences in the treatment of juveniles.' The state's interest in the welfare of children makes `a juvenile proceeding fundamentally different from an adult criminal trial.' * * * As a consequence, juveniles have never been treated as a suspect class and legislation aimed at juveniles has never been subjected to the test of strict scrutiny. * * *" Id., quoting In re Vaughn (Aug. 13, 1990), Butler App. No. CA89-11-162. (Citations omitted.)
 {¶ 29} In short, this court has held that "juveniles are not a suspect class for purposes of equal protection analysis." Cundiff, supra. Thus, appellant's suggestion that this court "should apply the strict scrutiny test" in determining whether the state has a "compelling governmental interest that justifie[s] treating juvenile probationers differently from adult probationers" (appellant's brief, at 11), is without merit.
 {¶ 30} We further find unpersuasive appellant's contention that his right to notice and due process under the Fifth andFourteenth Amendments to the United States Constitution and Section 16, Article I, of the Ohio Constitution was violated because he was not "on notice" that his period of probation continued after December 1, 2000.
 {¶ 31} The United States Supreme Court has held that juvenile proceedings must comply with the requirements of due process. Due process in a juvenile court proceeding must include adequate written notice, advice as to the right to counsel, retained or appointed, confirmation and cross-examination of witnesses and the privilege against self-incrimination. Application of Gault (1967), 387 U.S. 1,87 S.Ct. 1428. In addition, Juv.R. 34(C) requires that a juvenile receive a written statement of the conditions of probation. As we have previously noted, appellant signed the "Terms and Conditions of Probation," indicating his awareness that probation was to continue until counseling was complete. As such, we perceive no due process violation.
 {¶ 32} Finally, appellant claims that the trial court's actions in prosecuting him for probation violations and extending his probation after December 1, 2000, constitute multiple punishments in violation of his right to freedom from double jeopardy under the Fifth andFourteenth Amendments to the United States Constitution and Section 16, Article I, of the Ohio Constitution.
 {¶ 33} Application of the Double Jeopardy Clause depends upon the legitimacy of a defendant's expectation of finality in the judgment. In re Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613. In the instant case, as in Kelly, appellant did not have a legitimate expectation that his sentence of probation was complete at the time the court prosecuted the probation violations and extended his probation because his sentence of probation was conditioned upon his compliance with the terms and conditions of his probation, including completion of sexual offender counseling. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 34} By the second assignment of error, appellant contends that the trial court erred in granting the state's November 14, 2001 motion to extend appellant's probation past November 30, 2001, in the absence of a finding that he violated a condition of probation.
 {¶ 35} Appellant contends that because he did not willfully violate any of the conditions of his probation, the court was therefore without authority to extend his probation. The state concedes that it did not assert a probation violation in its November 14, 2001 motion and does not argue that appellant willfully violated any of the conditions of his probation. The state asserts, however, that the goal of treating and rehabilitating appellant in order to help him avoid repeating his history of sexual abuse provided a rational basis for extending his probation until he completed the sexual offender counseling program at Cove Prep. We agree.
 {¶ 36} The terms and conditions of appellant's probation, including the requirement that he complete sexual offender counseling, were still in effect at the time the state moved to extend appellant's probation. There is no dispute that appellant had not yet completed the program. At the February 1, 2002 hearing, counsel for the prosecution, counsel for FCCS, two probation officers, appellant's Cove Prep therapist and appellant's mother all urged the court to extend the appellant's probation period and order him to complete the treatment program. In addition, all maintained that the structure provided through probation was necessary for appellant to successfully complete the program to provide additional support as appellant transitioned back to the community. We find the foregoing provided the court with a rational basis for extending probation and that the court did not err in ordering probation extended past November 30, 2001, in order for appellant to complete the sexual offender counseling at Cove Prep. See State v. Puhl (May 2, 1997), Wood App. No. WD-96-059 (counselor's recommendation that probation be extended to allow probationer to continue needed therapy provided rational basis for trial court's extension of probation). Accordingly, the second assignment of error is not well-taken.
 {¶ 37} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is hereby affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.