**The STATE of Ohio, Appellee,**

v.

**JONES, Appellant.**

[Cite as *State v. Jones* (1997), 123 Ohio App.3d 144.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97–L–001.

Decided Sept. 29, 1997.

*Charles E. Coulson,* Lake County Prosecuting Attorney, and *Taylir K. Linden,* Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante*, Lake County Public Defender, and *Mark Gardner*, Assistant Public Defender, for appellant.

WILLIAM M. O'NEILL, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

On May 20, 1992, appellant, Marlon Jones, was indicted by the Lake County Grand Jury on one count of receiving stolen property, and two counts of forgery. On August 20, 1992, appellant entered a guilty plea to receiving stolen property and the trial court entered a *nolle prosequi* on the two counts of forgery. Appellant was sentenced to a definite term of eighteen months, which was suspended. The trial court ordered appellant to serve ninety days in the Lake County Jail with credit for time served. Additionally, appellant was placed on probation for a period of three years with one of the conditions being that appellant contribute two hundred hours of volunteer work to the charity of his choice.

On March 17, 1993, the state filed a motion to terminate probation due to appellant's failure to report to his probation officer on a weekly basis as required by the terms of his probation. In a June 25, 1993 judgment entry, the trial court indicated that appellant pled guilty to the charge of violating his probation and was ordered to serve another thirty days in the Lake County Jail. Additionally, the trial court imposed an extra one hundred hours of volunteer work and extended the term of his probation for an additional year.

On December 14, 1993, appellant filed a motion to transfer probation. While it was not specified in the motion, appellant was seeking to transfer his probation to Philadelphia, Pennsylvania. After an oral hearing on the matter, the trial court granted appellant's motion on February 11, 1994, and ordered that all previous terms and conditions of probation remain in effect.

On July 25, 1996, the state filed a second motion to terminate probation due to appellant's alleged failure to provide proof that he had completed his three hundred hours of volunteer labor and his failure to make payment towards his court costs which was another condition of his probation. On August 12, 1996, the Adult Probation Department filed an order of arrest. On August 29, 1996, the trial court filed a judgment entry indicating that appellant had waived his right to a probable cause hearing, that a final hearing would be held in six months, and that upon agreement of all parties, appellant's probation was extended for an additional six months.

On November 18, 1996, the state filed a supplement to its second motion to terminate probation. In the supplement, the state alleged that although appel-

lant claimed to have completed three hundred hours of community service, all attempts of verification were unsuccessful. A final hearing on appellant's probation violation was conducted on November 26, 1996. On December 3, 1996, appellant was found to be a probation violator by the trial court. Appellant was sentenced to serve a definite term of incarceration of one year.

Appellant timely filed a notice of appeal and has set forth three assignments of error. In the first assignment of error, appellant contends that the trial court erred by utilizing procedures that effectively deprived him of his right to due process. In the second assignment of error, appellant asserts that the trial court erred when it revoked his probation after he had substantially complied with all of the terms of his probation. In the third assignment of error, appellant submits that the trial court erred by exercising jurisdiction over him after his probation had ended.

We will address appellant's third assignment of error first because it is dispositive of his appeal. It is appellant's contention that his probation period ended on August 20, 1996 and, thus, the trial court was without jurisdiction to conduct a hearing on August 28, 1996 and, at that time, continue appellant's probation period for an additional six months. We agree.

R.C. 2951.09 provides:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, *at any time during the probationary period. * * * At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged.*" (Emphasis added.)

Thus, it is clear that once the probationary period ends, the trial court's subject matter jurisdiction ends. *State v. Jackson* (1988), 56 Ohio App.3d 141, 142, 565 N.E.2d 848, 849.

Appellant was placed on probation for three years beginning August 20, 1992. On June 25, 1993, the trial court extended appellant's probationary period for an additional year. Therefore, appellant's probation terminated on August 20, 1996. Nine days after the probationary period ended, on August 29, 1996, the trial court took action to extend appellant's probation for six months. The trial court was without legal authority to do so.

The state first contends that appellant's probation was extended by the timely filing of the motion to terminate probation and the order of arrest filed by

the Adult Probation Department. However, Ohio courts have repeatedly held that the tolling of the probationary period can only be accomplished by a timely filed motion to terminate probation *and* a timely filed warrant, capias, or summons. *State v. Wallace* (1982), 7 Ohio App.3d 262, 263, 7 OBR 342, 343, 454 N.E.2d 1356, 1357–1358; *State v. Szesze* (Jan. 26, 1990), Portage App. No. 88–P–2016, unreported, at 5, 1990 WL 6217; *Columbus v. Keethler* (Nov. 7, 1995), Franklin App. Nos. 95APC04–399 and 95APC04–400, unreported, 1995 WL 656921. In the case *sub judice,* the order of arrest filed by the Adult Probation Department does not amount to a warrant, capias, or summons. It was executed by the chief probation office, rather than a judge, pursuant to R.C. 2951.08, which provides:

"(A) During a period of probation or community control, any field officer or probation officer may arrest the person on probation or under a community control sanction without a warrant and bring the person before the judge or magistrate before whom the cause was pending. During a period of probation or community control, any peace officer may arrest the person on probation or under a community control sanction without a warrant upon the written order of the chief county probation officer if the person on probation or under a community control sanction is under the supervision of that county department of probation or on the order of an officer of the adult parole authority created pursuant to section 5149.02 of the Revised Code if the person on probation or under a community control sanction is under the supervision of the authority. During a period of probation or community control, any peace officer may arrest the person on probation or under a community control sanction on the warrant of the judge or magistrate before whom the cause was pending."

From the foregoing statutory language, it is clear that the form filed by the probation department is not a warrant but merely a statutorily created convenience to avoid obtaining a judge's signature. No Ohio courts have allowed this form, in conjunction with a motion to terminate probation, to extend a probationary period of a defendant. It simply does not qualify as a warrant, capias, or summons. Accordingly, appellant's probationary period was not extended past August 20, 1996 and, therefore, the trial court was without jurisdiction to act on August 29, 1996.

The state also argues that appellant agreed on August 29, 1996, to extend the period of his probation for an additional six months and, therefore, he waived the issue of jurisdiction. Subject matter jurisdiction, however, cannot be waived. *State v. Shrum* (1982), 7 Ohio App.3d 244, 245, 7 OBR 323, 324–325, 455 N.E.2d 531, 532–533; *State v. Neff* (Feb. 4, 1994), Trumbull App. No. 93–T–4876, unreported, at 4, 1994 WL 45260. Accordingly, appellant could not and did not waive the issue of subject matter jurisdiction by the trial court.

Based upon the foregoing analysis, the trial court was without jurisdiction to act upon appellant's probation after August 20, 1996. Therefore, its decision to extend appellant's probation on August 29, 1996, and its subsequent decision finding appellant to be a probation violator are void.

Appellant's third assignment of error is sustained. Hence, appellant's first two assignments of error are moot and need not be addressed by this court pursuant to App.R. 12(A)(1)(c).

The judgment of the trial court is hereby reversed and judgment is entered in favor of appellant. Costs are assessed to appellee.

*Judgment reversed.*

CHRISTLEY, P.J., and NADER, J., concur.