OPINION
On March 17, 1994, appellant, Richard P. Szabo, pleaded guilty to one count of attempted burglary in the Lake County Court of Common Pleas. On May 20, 1994, appellant received an indefinite sentence of three to ten years at the Lorain Correctional Institution, which was suspended, and was placed on conditional probation for three years.[1]
On March 1, 1996, the state filed a motion to terminate appellant's probation, alleging that he had violated the terms of his probation by: failing to report to his meetings with his probation officer in January and February 1996; quitting his job without informing his probation officer; and, moving without approval from his probation officer. On June 26, 1996, appellant appeared in court and pleaded guilty to the probation violation. On July 5, 1996, the trial court sentenced him to forty-five days in jail and extended his probation one additional year, to May 20, 1998.
On May 19, 1998, the state filed a motion to terminate appellant's probation, alleging that he had violated the terms of his probation by failing to show up for a May 18 meeting with his probation officer. On May 20, 1998, the trial court issued a warrant for appellant's arrest. On August 11, 1998, appellant filed a motion to dismiss the action. He contended that the trial court had no jurisdiction over him after his probation terminated on May 20, 1998. On August 24, 1998, the trial court denied appellant's motion and he pleaded guilty to the probation violation. The court extended his probation six months, to November 20, 1998. Appellant appealed from this ruling.
On November 17, 1998, while the case was pending before this court, the trial court issued a warrant for appellant's arrest, after being notified by the Lake County Adult Probation Department that he had violated the terms of his probation. On November 18, 1998, the state filed a motion to terminate appellant's probation, alleging that he had violated the terms of his probation by failing to show up for a meeting with his probation officer on October 26, 1998. On December 10, 1998, appellant filed a motion to dismiss because he contended that the trial court had no jurisdiction over him after his probation terminated on November 20. On January 14, 1998, the trial court extended appellant's probation for six months. Appellant filed a second appeal.
Both cases are consolidated herein. Appellant raises the following assignment of error for our review:
 "The trial court erred to the prejudice of the defendant-appellant and violated his constitutional due process and equal protection rights when it denied his motion to dismiss the probation violation due to lack of jurisdiction."
In his assignment of error, appellant asserts that the trial court did not have the authority to extend his probation because its jurisdiction over the case terminated at the end of his original period of probation.
R.C. 2951.09 states that "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." However, we have held that the "tolling of the probationary period can be accomplished by a timely filed motion to terminate probation and a timely filed warrant, capias, or summons." State v. Jones
(1997), 123 Ohio App.3d 144, 148, 703 N.E.2d 833.
With regard to the case sub judice, motions to terminate probation and warrants for appellant's arrest were filed in both instances before appellant's probation period had expired. These actions effectively tolled the probation periods. Therefore, the trial court retained jurisdiction to extend appellant's probation. Appellant's assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the trial court.
 _____________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.
[1] Although the court announced appellant's sentence on May 18, 1994, his probation period did not begin until May 20, 1994, the date the judgment entry was journalized. See State v.Jackson (1997), 123 Ohio App.3d 22, 702 N.E.2d 1229.