I respectfully dissent from the majority's opinion.
I concur with the majority's assumption " . . . the stay of `all proceedings' issued on February 5, 1998, stayed probation . . ." Majority Opinion at 7. I further agree "the probation violation filed on July 2, 1999, was filed during the probationary period." Majority Opinion at 8. However, I find the fact the probation revocation hearing was held after the probation period expired does not serve to divest the trial court of jurisdiction in the case sub judice because the probation violation was initiated during the probationary period.
I find this case to be factually different than State v. Yates (1991),58 Ohio St.3d 78. The Supreme Court based its decision in Yates on the fact the state failed to initiate probation violation proceedings during the original probation period. Id. at 80. In this case the probation violation was initiated during the probationary period.
I also find State v. Jackson (1988), 56 Ohio App.3d 141, not to be controlling. As was the case in Yates, the revocation/contempt proceedings in Jackson were commenced after the original probation period had elapsed. In the instant case, the prosecution was timely commenced during the probationary period.[6]
I also find State v. Jones (1997), 123 Ohio App.3d 144 not be be persuasive. In Jones, the court found the probation period ended on August 20, 1996, and the trial court was without jurisdiction to conduct a hearing on August 28, 1996, in which it continued the probation period an additional six months thereafter. Fundamental to the court's decision was the fact the probation period was not tolled by the order of arrest filed by the adult probation department because it was not executed by a judge.[7] Therefore, Jones is factually distinguishable.
In State v. Davis (Aug. 2, 1999), Stark App. No. 1999CA00048, unreported, this Court found ". . . the trial court had jurisdiction to revoke appellant's probation because the revocation proceedings were initiated prior to the end of the probationary period." Id. at 2. Although Davis involved the tolling of the original probation period under R.C. 2951.09, and, therefore, is admittedly distinguishable in that regard, I find its holding consistent with the holdings in Yates andJackson that it is when the probation violation charge is initiated, as opposed to when the hearing in held, which determines whether the trial court has jurisdiction.
JUDGE SHEILA G. FARMER
[6] Appellant asserts no due process violation for any delay occasioned between the probation violation charge filed on July 2, 1999, and the hearing held on September 27, 1999.
[7] It is unclear from reading of the court's opinion in Jones when the conduct which formed the basis for the probation violation occurred. Although a motion to terminate probation was filed before the end of the original probationary period, the motion was supplemented on November 18, 1996, after the trial court improperly extended the probationary period for an additional six months.