OPINION JOURNAL ENTRY
On or about March 31, 1993, petitioner was sentenced to a term of six years incarceration for felony vandalism. The trial court suspended the sentence and placed petitioner on probation for five years commencing on March 26, 1993. On October 7, 1993, petitioner violated his probation and his original sentence was reimposed. On January 25, 1994, the trial court granted petitioner shock probation and placed petitioner on probation again commencing as of March 26, 1993, with his probation scheduled to terminate as of March 26, 1998.
On February 2, 1997 through February 4, 1997 petitioner was jailed on a Petty Theft charge. As a result of this charge petitioner was also jailed from August 27, 1997 through August 31, 1997, and from February 3, 1999 through February 4, 1999, for a total of ten days. No action was taken by the State or the court to violate petitioner's probation as a result of these charges.
On October 26, 1997, petitioner was arrested on a Domestic Violence charge and was incarcerated until December 6, 1997 for a total of forty-one days. While petitioner was incarcerated, the Adult Parole Authority placed a "hold" on petitioner as a result of the Domestic Violence charge. On November 12, 1997, the State filed a Motion to Revoke Probation against petitioner. On November 28, 1997, the trial court held a Probable Cause hearing on petitioner's probation revocation, whereby petitioner admitted to the probable cause to revoke. Petitioner was released by the trial court on a personal recognizance bond but no additional action was taken to terminate petitioner's probation. Petitioner was also jailed from January 13, 1998 through March 1, 1998 for failure to appear on the Domestic Violence charge for an additional total of forty-eight days.
On March 11, 1998, after a hearing on March 9, 1998, the trial court issued a judgment entry "tolling" the probation of petitioner, by agreement of the State and the petitioner, pending final adjudication of the Domestic Violence complaint against petitioner. On September 18, 1998, the Domestic Violence charge against petitioner was dismissed and on February 12, 1999 the State filed a Motion to Reinstate Probation.
On April 26, 1999, the trial court revoked petitioner's probation due to his violation of the terms of his probation, (i.e. failure to pay restitution on the original vandalism conviction) and petitioner was reincarcerated.
On June 19, 2000, petitioner filed a Petition for Writ of Habeas Corpus in this court alleging he is wrongfully incarcerated since the trial court lost jurisdiction to revoke his probation after the five years had expired and the trial court lacked authority to extend (or toll) petitioner's probation beyond five years. Petitioner also alleges that any agreement to Atoll" his probation is ineffective since subject-matter jurisdiction cannot be waived.
Respondent answered by stating that petitioner's probation "would normally have expired on March 26, 1998. However, the probationary period was tolled for 401 days from February 2, 1997 until March 9, 1998. Therefore the probationary period expired 401 days after March 26, 1998 or May 1, 1999. Davis' probation was revoked on April 26, 1999, before the probationary period expired."
Respondent further alleges that any timely action taken prior to the expiration of the probationary period, taken by the trial court to bring the defendant before the court to answer a probation violation, would be sufficient to toll the probation period, citing to State v. Wallace
(1982), 7 Ohio App.3d 262 and Columbus v. Keethler (Nov. 7, 1995), Franklin App. No. 95 APC04-400, unreported. Respondent also alleges that the petitioner did not waive subject-matter jurisdiction, merely that the probationary period would be tolled until his other matters were resolved.
Respondent's assertion that petitioner's probation period was tolled for 401 days from February 2, 1997 to March 9, 1998 is unpersuasive. The trial court did not toll petitioner's probation on the grounds of the petty theft charge. There is nothing in the record to indicate that the trial court was even aware that petitioner was jailed for this theft charge, and the State never filed a motion to revoke petitioner's probation on that basis. As noted by petitioner, that interpretation of the tolling statute would lead to absurd results. A probationer in the final month of a five year probation could be jailed for a minor offense in another jurisdiction and upon discovery of that fact the State could, twenty years later, violate the probationer and reimpose the original sentence. We do not believe that the legislature intended such potentially illogical results.
The only method by which a probationary period may be extended is by statute. R.C. 2951.07 states:
 "Probation under section 2951.02 of the Revised Code continues for the period that the judge or magistrate determines and, subject to division (F)(1)(a) of that section, may be extended. Except as provided in division (F)(1)(a) of that section, the total period of an offender's probation shall not exceed five years. If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action."
During petitioner's period of probation he was incarcerated for a total of 96 days. If we toll those periods of time per the statute, his new probation expiration date would have been June 30, 1998.
In State v. Jackson (1998), 56 Ohio App.3d 141, that court held that, "When a period of probation ends, the subject matter jurisdiction of the sentencing court terminates."
In the case of State v. Jones (1997), 123 Ohio App.3d 144, that court held that, "Tolling of probationary period, as will extend period of court's subject matter jurisdiction over defendant, can only be accomplished by a timely filed motion to terminate probation and a timely filed warrant, capias or summons."
Also, in City of Columbus v. Keethler (Nov. 7, 1995), Franklin App. Nos. 95APC04-399 and 95APC04-400, unreported, it was held that the filing of the statement of violations by the probation department coupled with the issuance of a summons prior to the expiration of the probation was sufficient to toll the probationary period. In the case of State v.Parish (Feb. 8, 1999), Mahoning App. No. 96 C.A. 25, unreported, this court noted that, "Ohio courts have held that a court can toll a probationary period only on a timely filed motion to terminate probation and a timely filed warrant, capias, or summons," citing State v. Wallace
(1982), 7 Ohio App.3d 262 and Jones, supra. In the instant case there was a motion to revoke petitioner's probation filed on November 12, 1997 but no record of a warrant, capias or summons issued. Therefore, the probationary period was not tolled by the issuance of the motion.
The next issue to be addressed is whether the probation period was tolled by agreement of the parties. Respondent argues that petitioner did not waive subject matter jurisdiction, but merely requested and agreed that the probationary period would be tolled so the revocation hearing could be continued. Tolling the probationary period beyond the period's ending date is in effect waiving the subject matter jurisdiction. Subject matter jurisdiction cannot be waived. See Jones, supra.
Assuming arguendo that the probationary period could be tolled by agreement, there still exists a problem for respondent. In its March 11, 1997 journal entry whereby the trial court issued its order tolling the probationary period, that court stated that the probation would be tolled until a further hearing on the matter, "Until such time as there is a final adjudication or action on the Domestic Violence complaint currently pending * * *." On September 18, 1998, the Domestic Violence case against petitioner was dismissed. There were 191 days from March 11, 1998 until September 18, 1998. This would have tolled the probation expiration from the new period of June 30, 1998 until January 7, 1999. Petitioner's probation was revoked on April 26, 1999 well outside of his maximum probation period of five years plus all allowable periods of tolling.
It is the decision of this court that the petitioner's petition for Writ of Habeas Corpus has merit and is granted. Respondent is to release petitioner from confinement.
Final order.
Costs taxed against respondent.
Clerk to issue appropriate orders for Writ of Habeas Corpus per local procedures.
VUKOVICH, J., concurs, DONOFRIO, J., concurs, WAITE, J., concurs.