OPINION
Defendant Brian Keith Lake appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which revoked his probation after defendant admitted a violation. The court imposed the balance of his prior eighteen-month sentence, with credit for time served. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE COURT LOST JURISDICTION TO REVOKE THE PROBATIONARY STATUS OF THE DEFENDANT WHEN THE FIVE (5) YEAR PROBATIONARY TIME EXPIRED.
The record indicates appellant was convicted of felony theft but was released on shock probation on November 18, 1991. Appellant was placed on probation for a period three years subject to certain conditions, to which appellant agreed in open court.
Appellant was re-incarcerated on a new felony charge on July 10, 1992. At that time, the court sentenced appellant to a term of incarceration of five to fifteen years.
Appellant was released on parole on January 2, 1996. Thereafter, the court revoked appellant's parole on September 17, 1996. Pursuant to R.C. 2951.07, the court deemed the probation period tolled during the time appellant was incarcerated. The court calculated appellant's probation would end on April 12, 2001.
On April 9, 2001, the court modified appellant's probation, extending it from the original three years to five years, or until April 11, 2002, and appellant agreed to the order and signed it. On August 24, 2001, the court issued a capias warrant and the court ordered the probation tolled again.
On September 6, 2001, the State moved to revoke probation and appellant responded with a motion to dismiss, alleging the court did not have jurisdiction and his probationary period had lapsed. The court found pursuant to statute appellant's probation had been tolled during his incarcerations. The court also found appellant had agreed to extend the probation until April 11, 2002.
R.C. 2951.07 provides periods of probation may not exceed five years, but the time is tolled if the probationer absconds from the jurisdiction of the court or is confined in any institution because of the commission of any offenses.
Appellant cites us to Davis v. Wolfe (2001) 92 Ohio St.3d 549. InDavis, the State alleged the probationer had been re-incarcerated for some thirteen months. The court held probation was not tolled because the State never filed a motion to revoke. In addition, the probationer had been arrested but released on a personal recognizance bond.
Appellant also cites us to State v. Jones (1997), 123 Ohio App.3d 144, in which the Lake County Court of Appeals held the tolling of a probationary period can only be accomplished with a timely filed motion to determine probation and a timely filed warrant, capias, or summons. We have reviewed the Jones case, and we find the case is clearly distinguishable from the case at bar. In Jones, the court's order extending the probationary period was not entered until after the original period had ended. Even though the probationer later agreed to the extension of the probationary status, he had not done so until after the original probation had expired.
The State cites us to State v. Jones (1978), 60 Ohio App.2d 178, wherein the Court of Appeals for Hamilton County held the trial court does not have to conduct a formal hearing prior to extending probation, particularly where the probationer is fully informed and voluntarily agrees to the extension. We find the Jones case out of Hamilton County more applicable here.
We find appellant's probation was tolled during incarceration for separate offenses, by operation of law. Additionally, during the original period of probation, the appellant agreed to extend the probation. There is nothing in the record to indicate the agreement was not knowingly and voluntarily made.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, the cause is remanded to that court for execution of sentence.
By GWIN, P.J., EDWARDS, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.