DECISION AND JUDGMENT ENTRY
Jeffery Braun appeals his commitment to the Ohio Department of Youth Services ("DYS") by the Washington County Juvenile Court. The trial court initially sentenced Braun to both a suspended commitment to DYS, conditioned upon Braun's good behavior, and to a period of probation. The court later released Braun from probation. After his release from probation, however, Braun misbehaved and the court lifted the suspension on the initial commitment to DYS. Braun contends on appeal that the trial court committed plain error in imposing the suspended commitment, violating his right to equal protection, due process, and freedom from double jeopardy. Because the trial court retained jurisdiction over Braun until the age of twenty-one, and further because the trial court originally imposed probation in addition to the suspended DYS commitment, not as an alternative to the DYS commitment, we disagree. Braun also contends that his trial counsel was ineffective in failing to object to the DYS commitment. Having found no error with the commitment, and further noting that Braun's counsel acted in accordance with the wishes Braun expressed at his hearing, we disagree. Accordingly, we overrule each of Braun's assignments of error and affirm the judgment of the trial court.
 I.
On June 16, 1998, Braun admitted to an allegation of delinquency arising from actions that, if committed by an adult, would constitute assault, a fifth degree felony violation of R.C. 2903.13(A). In its journal entry the trial court stated:
 1. The child is committed to the legal custody of the Ohio Department of Youth Services for institutionalization for an indefinite term consisting of a minimum period of six (6) months and a maximum period not to exceed the child's attainment of the age of twenty-one, pursuant to O.R.C. 2151.355(A)(4).
 2. The above order committing the child to the legal custody of the Ohio Department of Youth Services is hereby Suspended upon condition he be of good behavior;
3. The child is placed on probation;
* * *.
On January 19, 1999, the trial court found that Braun had satisfactorily abided by the terms of his probation and, therefore, ordered him discharged from probation. The journal entry did not mention Braun's suspended commitment to DYS.
Following his discharge from probation, the trial court adjudicated Braun delinquent on a second, unrelated assault charge, and committed him to the Washington County Juvenile Center ("WCJC.") While at the WCJC, Braun received 130 incident reports, escaped from the facility, and accumulated 4,695 negative points for his behavior. Additionally, he was charged with a third assault arising from an incident at the WCJC on October 16, 2001.
On October 25, 2001, a Washington County Juvenile Probation Officer filed a motion for further disposition in Braun's original assault case, alleging that Braun had not been of good behavior as required by the DYS suspension. The trial court held a hearing at which Braun was accompanied by his mother and his attorney. Braun admitted that he was not of good behavior, whereupon the following dialogue occurred:
 THE COURT: Do you understand by admitting to this motion that you will be sent to the [DYS] for a minimum period of six months to a maximum age of twenty-one?
BRAUN: Yes, sir.
 THE COURT: The other case, 2001-DE-1020, alleges a misdemeanor assault which occurred on or about October 16th, 2001 * * *. It's the court's desire, Jeff, to have you admit to that, put you back in the [WCJC] program, and hopefully get you to complete it. But you'd rather admit to the suspended or to the motion in the DYS case, is that correct?
BRAUN: Yes, sir.
 THE COURT: Do you understand that you have a choice of completing that [WCJC] program at the Juvenile Center, as long as you make significant progress during the next sixty days, I would not send you to DYS?
BRAUN: I understand.
 THE COURT: But you still wish to just admit and be sent in the DYS case and terminate from the Juvenile Center, is that correct?
BRAUN: Yes, sir.
Based upon Braun's admission, the trial court imposed the previously suspended commitment to DYS. Additionally, the court dismissed the new misdemeanor assault allegation in case number 2001-DE-1020 and terminated Braun's probation and commitment to the WCJC in his second assault case.
Braun now appeals, asserting the following assignments of error:
 THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING A SUSPENDED COMMITMENT AFTER THE JUVENILE APPELLANT'S PERIOD OF PROBATION HAD ENDED.
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITIUTION AND ARRICLE I, SECTION 2 OF THE OHIO CONSTITUTION, BY IMPOSING APPELLANT'S SUSPENDED COMMITMENT AFTER HIS DISCHARGE FROM PROBATION.
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, SECTION 16, OF THE OHIO CONSITTUTION BY IMPOSING APPELLANT'S SUSPENDED COMMITMENT AFTER HIS DISCHARGE FROM PROBATION.
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT NOT TO BE PUNISHED TWICE FOR THE SAME OFFENSE AS GUARANTEED BY THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION, BY IMPOSING APPELLANT'S SUSPENDED COMMITMENT AFTER HIS DISCHARGE FROM PROBATION.
 APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE IMPOSITION OF A SUSPENDED COMMITEMENT AFTER APPELLANT'S DISCHARGE FROM PROBATION.
 II.
In his first through fourth assignments of error, Braun challenges the constitutionality of the trial court imposing a suspended commitment upon him after the court had discharged his period of probation. Braun acknowledges that he did not object to the commitment at trial, but asserts that the trial court's action amounts to plain error, as well as a violation of his rights to equal protection, due process, and freedom from double jeopardy.
 III.
The version of R.C. 2151.355(A) that was in effect at the time of the trial court's initial dispositional order in this case provided the court with numerous dispositional options. These options included probation (R.C. 2151.355(A)(2)), and commitment to the DYS (R.C. 2151.355(A)(4)). Additionally, R.C. 2151.355(A)(12) authorized the court to "[m]ake any further disposition that the court finds proper." The General Assembly did not list these dispositional options in the alternative in the statute. Therefore, the court possessed the authority to issue any number of the dispositional orders listed.
In this case, the trial court imposed both a suspended term of commitment to the DYS and a period of probation. The two dispositions were listed in separate paragraphs and were not made contingent upon one another. Thus, contrary to Braun's contention, his suspended DYS commitment in this case was never contingent upon him successfully completing the terms of his probation. Rather, the suspended DYS commitment was contingent upon Braun's good behavior through the age of twenty-one, regardless of his probation status.
Within this analytical framework, we consider each of Braun's assignments of error in turn.
 A.
In asserting that the trial court committed plain error by lifting the suspension of his commitment to the DYS, Braun first challenges the trial court's subject matter jurisdiction. Braun notes that several Ohio courts have held that when a period of probation ends, the subject matter jurisdiction of the sentencing court terminates. See State v. Jones
(1997), 123 Ohio App.3d 144; State v. Jackson (1995), 106 Ohio App.3d 345;State v. Jackson (1988), 56 Ohio App.3d 141. However, a juvenile court's jurisdiction to reinstate an order of commitment may continue even after the juvenile is released from probation. See In re Bracewell (1998),126 Ohio App.3d 133, 137, citing In re Ravanna T. (Aug. 1, 1997), Lucas App. No. L-96-371. See, also, In re Cross (Dec. 11, 2000), Stark App. No. 2000CA00122, discretionary appeal allowed (2001), 91 Ohio St.3d 1513; Inre DaCosta (Mar. 6, 2002), Lorain App. No. 01CA007877.
In Bracewell, the majority reasoned that because dispositions in delinquency proceedings are not punitive in nature, but rehabilitative, the trial court retained jurisdiction to rehabilitate the child even after the period of probation ended. The dissenting judge argued for a narrower view of the juvenile court's jurisdiction, reasoning that the court could impose the suspended commitment after successful completion of probation only "if the court conditioned the suspended commitment on a separate order of unlimited duration in addition to probation * * *."Bracewell at 142, (Painter, J., dissenting), citing Ravanna T., supra,
and In re Proctor (Dec. 24, 1997), Summit App. No. 18257. Thus, even the dissenting viewpoint, upon which Braun relies in his brief, holds that juveniles may, in some instances, be subject to the jurisdiction of the juvenile court even after they have been discharged from probation. Likewise, in Ravanna T., the appellate court held that the trial court's suspension of a DYS commitment continued to age twenty-one despite the juvenile's successful completion of his probation period, because the trial court conditioned the suspension not only on the completion of probation, but also on the juvenile's continued compliance with the law.
In this case, the court conditioned Braun's suspended commitment on a separate order requiring Braun to be of good behavior in addition to the probation order. Thus, we find that the court retained jurisdiction over Braun and was free to lift the suspended DYS commitment upon Braun's admission that he was not of good behavior. Accordingly, we overrule Braun's first assignment of error.
 B.
In his second assignment of error, Braun asserts that the trial court's commitment of him after releasing him from probation violates equal protection because a court cannot revoke an adult's probation after the adult's term of probation expires. However, as noted above, the trial court did not revoke Braun's probation in this case. Rather, the court imposed a suspended commitment. While juveniles facing commitment are protected by the Constitution, In re Gault (1967), 387 U.S. 1, Braun has not argued that the court's jurisdiction over him until the age of twenty-one, nor the court's power to suspend a commitment until the age of twenty-one, is unconstitutional. See R.C. 2151.49; Bracewell at 142. In imposing the suspended commitment, the court merely exercised its continuing jurisdiction over Braun. Therefore, this case is not analogous to that of an adult who has completed a period of probation. We find that the trial court did not violate Braun's right to equal protection. Accordingly, we overrule Braun's second assignment of error.
 C.
In his third assignment of error, Braun asserts that the trial court violated his rights to notice and due process of law by imposing his suspended commitment after his discharge from probation. Braun asserts that, because the trial court discharged him from probation, he had no way of knowing that the conditions of his probation were still enforceable against him.
Again, we note that the trial court lifted the suspension on Braun's commitment to the DYS not based upon a probation violation, but based upon Braun's violation of the condition of good behavior. The language of the original disposition reveals that trial court clearly issued the good behavior requirement separate and apart from the probation requirement, giving Braun notice that the good behavior requirement continued through the age of twenty-one.
Moreover, while the terms of Braun's probation are not in the record, probation generally includes restrictions and requirements, such as reporting to a probation officer, which are lifted when one is discharged from probation. Given the clarity of the trial court's original order, the lifting of these restrictions and requirements could not have reasonably signaled to Braun that he no longer needed to be of good behavior to continue the suspension of his commitment.
Thus, we find that the trial court did not violate Braun's rights to notice and due process when it lifted the suspension upon his commitment to DYS. Accordingly, we overrule Braun's third assignment of error.
 D.
In his fourth assignment of error, Braun asserts that the trial court violated his right not to be punished twice for the same offense when it lifted the suspension on his DYS commitment after he had completed a period of probation for the same offense.
As we noted above, R.C. 2151.355(A), as it existed at the time of the original dispositional order in this case, provided the court with numerous dispositional options, including probation, commitment to the DYS, and any other disposition that the court deemed proper. See R.C.2151.355(A). The General Assembly did not list these dispositional options in the alternative in the statute. Therefore, pursuant to R.C.2151.355(A), the court possessed the authority to issue any number of the dispositional orders listed. Braun has not challenged the constitutionality of R.C. 2151.355(A) on its face, and we presume the constitutionality of legislative enactments. See Anderson Twp. Bd. ofTrustees v. Tracy (1996), 76 Ohio St.3d 353, 356, citing State ex rel.Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus.
In this case, the trial court imposed a suspended term of commitment to the DYS in one paragraph of its dispositional order and a period of probation in a separate paragraph of its dispositional order. Thus, the trial court's dispositional order, imposing both a suspended commitment contingent upon good behavior and a period of probation, complied with R.C. 2151.355(A). Therefore, we find that the trial court did not violate Braun's constitutional protection from double jeopardy by ordering both dispositions. Accordingly, we overrule Braun's fourth assignment of error.
 IV.
In his fifth and final assignment of error, Braun asserts that he did not receive effective assistance of counsel in the trial court because his counsel failed to object to the trial court lifting the DYS suspension on the grounds that Braun had already been released from probation.
In State v. Ballew (1996), 76 Ohio St.3d 244, 255, the Ohio Supreme Court stated the following:
Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Stricklandv. Washington (1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.
In this case, Braun can demonstrate neither deficient performance nor prejudice. With regard to prejudice, as we have found in our analysis of Braun's first four assignments of error, the trial court did not err in imposing the suspended DYS commitment and, therefore, the outcome would not clearly have been different but for counsel's failure to object. As to deficient performance, given Braun's statement of his wishes before the trial court, counsel's actions were geared toward obtaining the result Braun desired. Thus, counsel's actions constituted sound trial strategy.
Accordingly, we overrule Braun's final assignment of error, and we affirm the judgment of the trial court.
JUGDMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Harsha, J.: Concurs with Concurring Opinion
Evans, J.: Concurs in Judgment and Opinion