OPINION
{¶ 1} Appellant Juanita Hamilton appeals the decision of the Guernsey County Court of Common Pleas that tolled her probation until she could be brought before the court for an alleged probation violation. The following facts give rise to this appeal.
 {¶ 2} On October 1, 1993, the Guernsey County Court of Common Pleas sentenced appellant to eighteen months in prison, suspended the sentence and placed appellant on probation for a period of five years following appellant's "Alford" plea to one count of theft. Subsequently, appellant relocated to Alabama. The Guernsey County Probation Department agreed to permit probation authorities, in Alabama, to supervise appellant's probation. Alabama probation authorities supervised appellant's probation for two years.
 {¶ 3} However, on January 3, 1996, the trial court received information, from Alabama, which indicated that for approximately four months appellant failed to report to her probation officer and her whereabouts were unknown. Pursuant to this information, on January 3, 1996, the trial court issued an order tolling appellant's probation effective December 1, 1995, until appellant could be brought before the court. The trial court also issued a capias on this same date.
 {¶ 4} Appellant appeared before the trial court on April 6, 2003, on the capias issued in 1996. On April 17, 2003, appellant filed a motion to dismiss on the basis that the trial court no longer had jurisdiction over this matter because the alleged probation violation was not timely prosecuted and it was improper to extend appellant's probation beyond the statutory allotted period of five years. The trial court denied appellant's motion on May 12, 2003.
 {¶ 5} On this same date, appellant filed a motion for delayed appeal from the trial court's judgment entry of January 3, 1996. Appellant amended said motion on May 14, 2003. On June 2, 2003, we granted appellant's motion. Appellant sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED BY RECEIVING EX PARTE COMMUNICATIONS WHICH IT THEN USED TO SUA SPONTE EXTEND DEFENDANT-APPELLANT'S PROBATION PERIOD TO OVER NINE YEARS WHEN THE MAXIMUM PERIOD OF PROBATION ALLOWED ONLY FIVE YEARS, AND THERE WAS NO EVIDENCE THAT DEFENDANT ABSCONDED OR LEFT THE JURISDICTION OF THE COURT WITHOUT THE COURT'S PERMISSION, AND THE COURT KNEW THE DEFENDANT-APPELLANT'S ADDRESS."
 I {¶ 7} Appellant sets forth several arguments in support of her sole assignment of error. First, appellant maintains the trial court erred when it relied upon information, from Alabama, in order to toll her probation period. Second, appellant contends there was no evidence that she left the jurisdiction of the Guernsey County Court of Common Pleas without the trial court's permission. Finally, appellant maintains the trial court knew her address, but never contacted her. We disagree with these arguments.
 {¶ 8} Appellant's first argument concerns whether the trial court properly relied upon information, from Alabama, when it tolled her period of probation. The record in this matter indicates that shortly after the trial court placed appellant on probation, appellant moved to Alabama. On October 7, 1993, John Jones of the Guernsey County Probation Department agreed to permit probation authorities, in Alabama, to supervise appellant. Alabama probation authorities did so for approximately two years.
 {¶ 9} However, on January 3, 1996, the Guernsey County Court of Common Pleas received information, from the Alabama probation authorities, that for approximately four months appellant failed to report as required and that her whereabouts were unknown. We conclude the trial court properly relied upon this information since the authorities in Alabama were responsible for supervising appellant's probation. Relying upon this information, from Alabama, the trial court filed a judgment entry on January 3, 1996, which provides as follows:
 {¶ 10} "Information received from Alabama Probation Officer Anna Watson indicates the subject has failed to report as instructed since August 1995. Her whereabouts appear to be unknown. The Clerk of Courts of Guernsey County, Ohio is hereby ORDERED to issue a capias for the subject's arrest. Her probation is tolled effective 12/1/95."
 {¶ 11} We also conclude the trial court properly tolled appellant's probation under R.C. 2951.07. This statute provides as follows:
 {¶ 12} "Probation under section 2951.02 of the Revised Code continues for the period that the judge or magistrate determines and * * * may be extended. * * * If the probationer absconds or otherwise absents himself or herself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if the probationer is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as the probationer is brought before the court for its further action."
 {¶ 13} Thus, "the issuance of a capias or warrant is sufficient to toll the probationary period until the probationer is brought before the court." Rash v. Anderson (May 7, 1997), Lorain App. No. 97 CA006728, at 3, affirmed (1997), 80 Ohio St.3d 349. Further, a judge's jurisdiction to revoke probation and impose sentence ceases to exist at the end of a probation period. R.C. 2951.09. Accordingly, the issuance of the capias, during appellant's five-year probation period, tolled the probationary period so that the trial court retained jurisdiction to revoke her probation.
 {¶ 14} In her second argument, appellant maintains there is no evidence that she left the jurisdiction of the Guernsey County Court of Common Pleas without the court's permission. We agree with this argument. As noted above, the record indicates the Guernsey County Probation Department agreed to permit probation authorities, in Alabama, to supervise appellant's probation. Appellant allegedly violated the terms of her probation because she failed to report to the Alabama probation authorities for approximately four months. The alleged probation violations are not based upon appellant's decision to leave the jurisdiction of the Guernsey County Court of Common Pleas without the trial court's permission.
 {¶ 15} Finally, appellant contends the trial court knew her address and therefore, should have notified her that the court was considering tolling her probation. Appellant also claims the trial court should have provided her notice that a capias had been issued for her arrest. Clearly, the Guernsey County Court of Common Pleas did not know appellant's whereabouts or address since it found it necessary to issue a capias.
 {¶ 16} Thus, we conclude the trial court had jurisdiction over this matter when it tolled appellant's probation by judgment entry filed on January 3, 1996.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.