[Cite as *State v. Miller*, 2017-Ohio-5801.]

MILLERCOURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case Nos. 16 CA 006 and 16 CA 009 |
| PRESTON MILLER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case Nos. 10 CR 084 and 13 CR
                             003


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      July 10, 2017


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

F. CHRISTOPHER OEHL                   JEFFREY G. KELLOGG
ASSISTANT PROSECUTOR                  5 South Washington Street
164 East Jackson Street               Millersburg, Ohio  44654
Millersburg, Ohio  44654

*Wise, John, J.*

**{¶1}**    Appellant Preston Miller appeals his revocation of community control in the Holmes County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this consolidated appeal are as follows.

*Procedural Background - Common Pleas Case No. 10 CR 084*

**{¶2}**    On January 20, 2011, following his conviction on charges of attempted burglary and attempted grand theft of a firearm (both felonies of the fourth degree), the Holmes County Court of Common Pleas (hereinafter "trial court") sentenced appellant to three years of community control.

**{¶3}**    On June 25, 2012, appellant's chief probation officer, Roger M. Estill, filed a motion to revoke appellant's community control, alleging appellant had failed to comply with counseling and curfew requirements. Appellant appeared in court on July 10, 2012 and entered a plea of admission. The trial court thereupon continued appellant on the original terms and conditions of his community control.

**{¶4}**    On January 22, 2013, Estill again filed a motion to revoke appellant's community control, this time alleging *inter alia* appellant had been charged with new criminal charges under case number 13 CR 003, *infra*.

**{¶5}**    Appellant again entered a plea of admission, and on April 29, 2013, the trial court revoked his community control and ordered him to serve a prison term of eighteen months.

**{¶6}**    Appellant thereafter applied for judicial release. Via a judgment entry issued July 30, 2013, appellant was granted judicial release and ordered to serve three years of community control.

*Procedural Background - Common Pleas Case No. 13 CR 003*

**{¶7}** On April 29, 2013, following convictions on one count of theft and one count of forgery (both felonies of the fifth degree), the trial court sentenced appellant to nine months in prison.

**{¶8}** Appellant thereafter applied for judicial release. On July 30, 2013, appellant was granted judicial release and placed on community control for a period of three years.

*2016 Arrest of Appellant*

**{¶9}** On July 20, 2016, shortly before the expiration of appellant's community control period, Chief Probation Officer Estill filed with the Holmes County Clerk of Courts an order to arrest appellant pursuant to R.C. 2951.08, setting forth both of the above trial court case numbers, 10 CR 084 and 13 CR 003.

**{¶10}** On August 1, 2016, appellant was arrested under Estill's above order by law enforcement officers.

**{¶11}** On August 4, 2016, the State, via the Holmes County Prosecutor's Office, filed a motion under both case numbers to revoke or modify appellant's community control sanctions. Attached therewith was a violation report alleging among other things that appellant had failed to report to the probation office since May 2016 and had changed residence to a location in Wayne County, Ohio.

**{¶12}** On August 17, 2016, appellant filed a joint motion to dismiss the aforesaid motion to revoke, asserting a lack of court jurisdiction over him subsequent to the date July 30, 2016. The State filed a memorandum in opposition on August 23, 2016.

**{¶13}** On August 25, 2016, following a stipulation of evidence, the trial court denied appellant's motion to dismiss the State's motion to revoke. Appellant thereupon entered an admission to violating the terms of community control.

**{¶14}** The trial court issued a judgment entry under both case numbers on August 26, 2016 ordering *inter alia* that appellant's community control would be extended by one year and that he would serve the remainder of a 236-day jail sentence.

**{¶15}** On September 23, 2016, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶16}** "I. THE TRIAL COURT ERRED AND THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED HIS MOTION TO DISMISS THE MOTION TO REVOKE COMMUNITY CONTROL."

I.

**{¶17}** In his sole Assignment of Error, appellant contends the trial court deprived him of due process of law by denying his motion to dismiss the State's motion to revoke his community control. We agree.

**{¶18}** An order that revokes community control and imposes a sentence is a final appealable order. *See*, *e.g.*, *State v. Greenberg*, 10th Dist. Franklin No. 12AP–602, 2013-Ohio-1638, ¶ 12. Generally, an appellate court reviews a trial court's decision revoking community control sanctions on an abuse-of-discretion standard. *State v. Cofer*, 2nd Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 13. However, statutory interpretation is a question of law that we review de novo. *State v. Mullins*, 10th Dist. Franklin Nos. 16AP–236, 16AP–237, 2016-Ohio-8347, ¶ 19 (additional citations omitted).

{¶19} R.C. 2951.08(A) states in pertinent part: "*** During a period of community control, any peace officer may arrest the person under a community control sanction without a warrant upon the written order of the chief probation officer of the probation agency if the person under a community control sanction is under the supervision of that probation agency or on the order of an officer of the adult parole authority created pursuant to section 5149.02 of the Revised Code if the person under a community control sanction is under the supervision of the authority. ***."

{¶20} This Court has recognized that the issuance of a capias or a warrant is sufficient to toll a probationary period until the probationer is brought before the pertinent court. *See State v. Hamilton*, 5th Dist. Guernsey No. 03 CA 8, 2003-Ohio-5366, ¶ 13, citing *Rash v. Anderson,* 9th Dist. Lorain No. 97 CA006728, 1997 WL 270553, affirmed (1997), 80 Ohio St.3d 349, 686 N.E.2d 505. Similarly  "*** Ohio courts have repeatedly held that the tolling of the probationary period can only be accomplished by a timely filed motion to terminate probation *and* a timely filed warrant, capias, or summons." *State v. Jones*, 123 Ohio App.3d 144, 148, 703 N.E.2d 833 (11th Dist.1997) (emphasis in original). The Eleventh District Court went on to conclude: "*** [I]t is clear that the form filed by the probation department is not a warrant but merely a statutorily created convenience to avoid obtaining a judge's signature. No Ohio courts have allowed this form, in conjunction with a motion to terminate probation, to extend a probationary period of a defendant. It simply does not qualify as a warrant, capias, or summons." *Id.*[1]

---

[1]  The *Jones* court relied upon an earlier version of R.C. 2951.08(A), but our research leads us to conclude that the subsequent revisions have not substantially changed the statute for purposes of the present issue.

**{¶21}** In the General Assembly's enactment of a statute, it is presumed that a just and reasonable result is intended. R.C. 1.47(C). Ambiguities and reasonable doubts in interpreting criminal statutes are to be resolved in favor of the accused. *See City of Bowling Green v. Kirby*, 6th Dist. Wood Nos. 90WD100, 90WD101, 1992 WL 32100. *See, also*, R.C. 2901.04(A). We note the General Assembly in R.C. 2951.08(A) has utilized the phrase "written order of the chief probation officer" to authorize an arrest "without a warrant," and has thereby indicated that such an order is not meant to be elevated to the full legal equivalent of a warrant or similar device emanating from a court. Therefore, we find such an order from a chief probation officer does not toll a period of community control pending a court appearance by the defendant.

**{¶22}** Accordingly, we find merit in appellant's contention that the trial court lacked jurisdiction to revoke his community control and issue additional sanctions after July 30, 2016 under the facts and circumstances presented. We thus hold the trial court erred in failing to dismiss or deny the State's motion to revoke.

**{¶23}** Appellant's sole Assignment of Error is sustained.

**{¶24}** For the reasons stated in the foregoing opinion, the judgments of the Court of Common Pleas, Holmes County, Ohio, are hereby reversed and remanded.

By: Wise, John, J.
Gwin, P. J., and
Hoffman, J., concur.

JWW/d 0627