[Cite as *State v. Dye*, 2024-Ohio-3384.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case Nos. 2024 CA 00009 &<br>2024 CA 00010 |
| STEVEN DYE | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Court of Common Pleas, Case Nos. 20 CR 327 & 21 CR 119 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 3, 2024 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| KYLE WITT<br>Fairfield County Prosecuting Attorney<br>Appellate Division<br>239 W. Main Street, Suite #101<br>Lancaster, Ohio 43130 | CHRISTOPHER BAZELEY, ESQ.<br>9200 Montgomery Road, Suite 8A<br>Cincinnati, Ohio 45242 |

*Hoffman, J.*

**{¶1}** Defendant-appellant Steven T. Dye appeals the judgment entered by the Fairfield County Common Pleas Court revoking his judicial release and community control sanctions. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted in Common Pleas Court Case No. 2020 CR 0327 with one count of robbery. He entered a plea of guilty, and was sentenced to a term of incarceration of four to six years. On March 4, 2022, he was granted judicial release.

**{¶3}** In Common Pleas Court Case No. 2021 CR 0119, Appellant was indicted with one count of felonious assault. He pled guilty to an amended charge of attempted felonious assault, and was sentenced to a five-year term of community control.

**{¶4}** Notice of violation of the terms of his judicial release and community control were filed in both cases. The notices alleged Appellant failed to report, received additional traffic and criminal charges, left a treatment facility, and tested positive for illegal substances. Appellant admitted to the violations at a consolidated revocation hearing. The trial court imposed the balance of his prison sentence in the robbery case, and imposed a twelve-month term of incarceration in the attempted felonious assault case.

**{¶5}** It is from the February 20, 2024 judgment of the trial court revoking his judicial release Appellant prosecutes his appeal from Common Pleas Court No. 2020 CR 0327, assigned Court of Appeals No. 24CA09. It is from the February 20, 2024 judgment of the trial court revoking his community control Appellant prosecutes his appeal from Common Pleas Court No. 2021 CR 0119, assigned Court of Appeals No. 24CA10.

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

Appellant moved this Court to consolidate the appeals.  This Court granted the motion, with 24CA09 being the controlling case number.

{¶6}    Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7}    We find counsel has complied with *Anders*.  Appellant has not filed a pro se brief, and the State has not filed a response brief.  Counsel sets forth one assignment of error which could arguably support the appeal:


THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING
DYE'S COMMUNITY CONTROL AND JUDICIAL RELEASE.

{¶8}    In his proposed assignment of error, Appellant argues the trial court abused its discretion in revoking Appellant's judicial release and community control because following his release from prison, Appellant voluntarily completed a substance abuse treatment program.  Counsel argues because both Appellant and the probation officer advised the trial court Appellant had difficulty adjusting to life outside of prison, ordering Appellant to return to prison would be counterproductive to helping Appellant address his substance abuse issues and to aiding him in learn to live outside of prison.

{¶9}    We review a trial court's decision revoking community control and/or judicial release under an abuse of discretion standard. *State v. Miller*, 2017-Ohio-5801, ¶ 18 (5th Dist.); *State v. Arm*, 2014-Ohio-3771, ¶22 (3rd Dist.).

{¶10}  The trial court made the following findings on the record at the revocation hearing:

THE COURT: Well, Mr. Dye, enough is enough.  Holy smokes.  You know, you are thirty-six years old.  I look at your prison – your felony sentence.  It's horrific.  You've done nothing really except for victimize people along the way.  You've got two really serious offenses here in Fairfield County that you were on probation for.  I ordered strict enforcement.  That means that I needed you to dot your I's and cross your T's and do everything that was expected of you by your community control officer.  And you did not do that.  Not under any circumstances.  You failed in a number of different ways.

**{¶11}** Revocation Tr. 20.

**{¶12}** We find the trial court did not abuse its discretion in revoking Appellant's community control and judicial release based on the number of violations in the instant case and his past criminal history.

**{¶13}** Accordingly, Appellant's proposed assignment of error is overruled.

**{¶14}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Fairfield County Court of Common Pleas.

By: Hoffman, J.

Delaney, P.J. and

King, J. concur